# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>MARLETTE FUNDING, LLC d/b/a BEST EGG,<br><br>       Defendant. | Civil Action No. 2:21-cv-985 |

## DEFENDANT MARLETTE FUNDING, LLC d/b/a BEST EGG'S
## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Marlette Funding, LLC d/b/a Best Egg ("Marlette" or "Defendant") has removed the matter captioned above from the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court Action") to the United States District Court for the Western District of Pennsylvania. As grounds for removal, Marlette states as follows:

## STATEMENT OF THE CASE

1.      On June 23, 2021, Plaintiff Ronald Henry ("Henry" or "Plaintiff") filed a putative Class Action Complaint in the State Court Action (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached and incorporated by reference as **Exhibit 1**. No other proceedings have occurred in the State Court Action.

2.      On June 29, 2021, Marlette was served with a copy of the Complaint. No other pleadings, process, or orders in the State Court Action have been served upon Marlette, and Marlette has not filed any responsive pleadings in the State Court Action.

3.      Plaintiff alleges that he was issued an $8,000 "Best Egg" loan for personal, family, and/or household purposes in October 2015.  *See* Compl. ¶¶ 26-27.  Plaintiff alleges that he was charged a $399.20 origination fee.  *Id.* ¶ 29.  Plaintiff alleges that the interest rate charged on the loan was 17.30 percent.  *Id.* ¶ 30.  Plaintiff alleges that the interest and origination fee yielded an annual percentage rate of over 21 percent.  *Id.* ¶ 31.  Plaintiff alleges that at a certain point, he could no longer repay the loan, which was charged-off.  *Id.* ¶ 35.  Plaintiff alleges that his "Best Egg" loan was sold to a debt buyer, who began contacting Plaintiff and demanding payment of the unpaid balance of the loan.  *Id.* ¶¶ 37-39.

4.      Plaintiff alleges that Marlette is not licensed under the Pennsylvania Consumer Discount Company Act ("CDCA"), 72 P.S. §§ 6201-6219, and therefore cannot charge interest in excess of the 6 percent limit that the Pennsylvania Loan Interest and Protection Law ("LIPL") imposes on non-banks, 41 P.S. § 201(a); 7 P.S. § 6203.A.  *See* Compl. ¶¶ 9-15, 40-42.  Plaintiff alleges that "Best Egg" loans are issued to Pennsylvania consumers with interest and fees that aggregate in excess of 6 percent simple interest per year.  *Id.* ¶¶ 43-45.

5.      Plaintiff seeks to certify a putative class defined as "[a]ll persons who, within the applicable statute of limitations, were issued a ["Best Egg"] loan and paid interest and fees that aggregated in excess of 6% simple interest per year."  *Id.* ¶ 64.  Plaintiff asserts a claim for violation of the Pennsylvania Uniform Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201 *et seq.*  *See* Compl. ¶¶ 73-77.  Among other requested relief, Plaintiff seeks an award of "actual, statutory, treble, and all other damages available by law, along with pre- and post-judgment interest" and "attorneys' fees and costs[.]"  *Id.*, Prayer for Relief ¶¶ b-c.

**CLASS ACTION FAIRNESS ACT**

6.     Removal of an action filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  *See* 28 U.S.C. § 1441(a).  This Court has original jurisdiction over the matter captioned above under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. § 1332(d)(2).

*CAFA Overview*

7.     Under CAFA, district courts have original jurisdiction over class actions raising state law claims where: "(1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the class has at least 100 members."  *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014).

8.     This Court must assess CAFA jurisdiction at the time of removal.  *See Castro v. Linden Bulk Transp. LLC*, Civ. A. No. 19-20442, 2020 WL 2573288, at *2 (D.N.J. Apr. 20, 2020) (citing *Coba v. Ford Motor Co.*, 932 F.3d 114, 119 (3d Cir. 2019)) ("To determine whether CAFA's subject matter jurisdictional requirements are satisfied, courts consider the allegations in the complaint at the time of removal and defendant's notice of removal."); *Crista v. Drew Univ.*, Civ. A. No. 21-249, 2021 WL 1422935, at *11 (D.N.J. Apr. 14, 2021) ("Generally, courts assess CAFA jurisdiction based on the pleadings at the time of removal.").

9.     All three of CAFA's elements are satisfied here.

*CAFA's Amount in Controversy Requirement*

10.     ***First***, with respect to CAFA's "amount-in-controversy" requirement, when a plaintiff alleges no specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

*See Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 544 (2014).  Further, "the claims of the individual class members shall be aggregated."  *See* 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (holding that to determine whether the amount in controversy exceeds $5 million for CAFA jurisdiction, claims of named and unnamed putative class members who fall within the proposed class shall be aggregated).

11.     In this case, information relating to satisfaction of the CAFA "amount in controversy" requirement is contained in the Declaration of Alex Rhodes ("Rhodes Declaration"). *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n. 12 (3d Cir. 2003) (noting that liberal standards apply in determining if the necessary amount in controversy has been met).  A true and correct copy of the Rhodes Declaration is attached and incorporated by reference as **Exhibit 2**.

12.     Plaintiff claims that Marlette violated the UTPCPL by charging interest in excess of the 6 percent interest rate cap imposed by the LIPL on non-banks who are not licensed under the CDCA.  *See* Compl. ¶¶ 40-45, 73-77.

13.     While Marlette denies Plaintiff's allegations and reserves all rights to contest them, based on Plaintiff's allegations and putative class definition, *see* Compl. ¶ 64, Marlette has calculated that during the six-year period prior to the filing of the Complaint, the difference between the total amount of contractual interest paid by customers with a Pennsylvania mailing address at the time of the execution of a loan agreement in an amount less than $25,000 and the amount of interest that such customers would have paid, assuming that those same interest payments were limited to 6 percent, is approximately $30 million.  *See* Rhodes Declaration ¶ 5.

14.     Plaintiff also claims a right to statutory and treble damages and attorneys' fees and costs.  *See* Compl. ¶ 77.

15.     Therefore, CAFA's "amount-in-controversy" requirement is satisfied.  The interest payments challenged by Plaintiff in this case are approximately $30 million, which is well above CAFA's $5,000,000 "amount-in-controversy" requirement.

**CAFA's Minimal Diversity Requirement**

16.     ***Second***, CAFA eliminates the "complete diversity" requirement in 28 U.S.C. § 1332(a) and instead imposes a "minimal diversity" requirement for class actions that is satisfied so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See Doyle v. Southwest Airlines, Inc.*, No. 17-11767 (JMV) (MF), 2018 WL 1128775, at *2 (D.N.J. Mar. 1, 2018) (quoting 28 U.S.C. § 1332(d)(2)(A)).  CAFA's "minimal diversity" requirement therefore requires "only one member of the plaintiff class—named or unnamed—[to] be diverse from any one defendant" for diversity to be satisfied.  *See Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 358, 602 (D.N.J. 2016).

17.     In this case, Plaintiff alleges that he resides in Westmoreland County, Pennsylvania. *See* Compl. ¶ 5.  The citizenship of a natural person is determined by where he or she is domiciled. *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).  Accordingly, Plaintiff is a citizen of Pennsylvania.

18.     Further, Plaintiff alleges that Marlette is a limited liability company headquartered in Wilmington, Delaware.  *See* Compl. ¶ 6.  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013)).

19.      The citizenship of Marlette's sole member is described in the Rhodes Declaration. *See Susman v. The Goodyear Tire & Rubber Co.*, No. 17-3521, 2018 WL 1243733, at *8 (E.D. Pa. Mar. 8, 2018) (considering affidavit submitted by defendant in evaluating diversity of citizenship). Marlette is a limited liability company.  *See* Rhodes Declaration ¶ 3.  Marlette's sole member is Marlette Holdings, Inc., a Delaware corporation having a principal place of business in Delaware. *Id.* ¶ 4.  A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also GBForefront, LP v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 41 (3d Cir. 2018) (citing *Johnson*, 724 F.3d at 348-49) (noting that citizenship of a limited liability company, whose sole member is a corporation, is determined by the state of incorporation and principal place of business of the corporation). Accordingly, Marlette is a citizen of Delaware.

20.      Because Plaintiff is a citizen of Pennsylvania and Marlette is a citizen of Delaware, CAFA's "minimal diversity" requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

***CAFA's 100-Member Requirement***

21.      ***Third***, courts within the Third Circuit hold that allegations that the putative class consists of "hundreds" of members reasonably satisfies CAFA's "100-member" requirement.  *See Judon*, 773 F.3d at 505 ("Because [the plaintiff] explicitly asserted in her complaint that there are 'hundreds of members,' [the defendant] was entitled to rely on this fact as an admission in favor of jurisdiction."); *Ciccone v. Progressive Specialty Ins. Co.*, Civil Action No. 3:20-CV-981, 2020 WL 7319777, at *4 (M.D. Pa. Dec. 11, 2020) ("[Plaintiff] does not dispute that the proposed class contains at least 100 members; her complaint alleges 'hundreds of members in the proposed [c]lass.'").

22.    In this case, Plaintiff alleges that "[t]here likely are hundreds of members of the class."  *See* Compl. ¶ 66.  Based on this allegation, CAFA's "100-member" requirement is satisfied.  *See Judon*, 773 F.3d at 505; *Ciccone*, 2020 WL 7319777, at *4.[1]

23.    Moreover, during the six years prior to the filing of the Complaint, approximately 24,000 customers with a Pennsylvania mailing address at the time of execution were issued a "Best Egg" personal loan in an amount less than $25,000 that had an interest rate in excess of 6%.  *See* Rhodes Declaration ¶¶ 5-6.

24.    This computation also satisfies CAFA's "100-member" requirement.  *See Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 756 (W.D. Pa. 2015) (finding that defendant proved by a preponderance of the evidence that plaintiff's putative class consisted of at least one hundred members based on computations contained in declaration submitted by defendant).

### REMOVAL PROCEDURE

25.    Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a) because this Notice of Removal is filed within thirty (30) days of Marlette's receipt of the Complaint.

26.    Removal is properly made to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1441(a) because Allegheny County, Pennsylvania, where the State Court Action is pending, is within the Western District of Pennsylvania.  *See* 28 U.S.C. § 118(c).

---

[1] Of course, "[h]owever, the CAFA numerosity holding is not dispositive of Rule 23 numerosity." *See Kotsur v. Goodman Global, Inc.*, Civil Action No. 14-1147, 2016 WL 4430609, at *3 (E.D. Pa. Aug. 22, 2016).  CAFA's "100-member" requirement applies to the number of *proposed* class members, where Rule 23's numerosity requirement applies to the number of *actual* class members, which must be proven by a preponderance of the evidence.  *Id.*

27.     Marlette will file written notice of the filing of this Notice of Removal with the Court of Common Pleas of Allegheny County, Pennsylvania, concurrently with the filing of this Notice of Removal, and will serve the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, pursuant to this Notice of Removal, Marlette hereby removes the matter captioned above from the Court of Common Pleas of Allegheny County, Pennsylvania and requests that the matter captioned above proceed as properly removed to this Court.

Dated: July 26, 2021                          **REED SMITH LLP**


                                              */s/ Justin J. Kontul*
                                              Justin J. Kontul
                                              Pa. I.D. No. 206026
                                              Alex G. Mahfood
                                              Pa. I.D. No. 324047
                                              225 Fifth Avenue, Suite 1200
                                              Pittsburgh, PA 15222
                                              T: (412) 288-3131
                                              F: (412) 288-3063
                                              jkontul@reedsmith.com
                                              amahfood@reedsmith.com

                                              *Counsel for Defendant*
                                              *Marlette Funding, LLC*
                                              *d/b/a Best Egg*

## CERTIFICATE OF SERVICE

I certify that on July 26, 2021, a true and correct copy of the foregoing Defendant Marlette Funding, LLC d/b/a Best Egg's Notice of Removal has been served via U.S. Mail, postage paid, and Electronic Mail upon the following individuals:

Kevin Abramowicz
Kevin Tucker
East End Trial Group LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

*Counsel for Plaintiff*
*Ronald Henry*


/s/ Justin J. Kontul