# **EXHIBIT 1**

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ County

*For Prothonotary Use Only:*

Docket No: _____

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| **Commencement of Action**: |
|---|
| ☐ Complaint   ☐ Writ of Summons   ☐ Petition |
| ☐ Transfer from Another Jurisdiction   ☐ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|

| Are money damages requested?  ☐ Yes  ☐ No | Dollar Amount Requested: (check one)  ☐ within arbitration limits  ☐ outside arbitration limits |
|---|---|
| Is this a *Class Action Suit*?  ☐ Yes  ☐ No | Is this an *MDJ Appeal*?  ☐ Yes  ☐ No |

Name of Plaintiff/Appellant's Attorney: _____

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated, | CIVIL DIVISION |
| Plaintiff, | No. |
| | CLASS ACTION |
| v. | **CLASS ACTION COMPLAINT** |
| MARLETTE FUNDING, LLC d/b/a BEST EGG, | |
| Defendant. | |

Filed on behalf of Plaintiff:
Ronald Henry

Counsel of record for Plaintiff:

Kevin Abramowicz
Pa. ID No. 320659
Kevin Tucker
Pa. ID No. 312144
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 223-5740
Fax: (412) 626-7101
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

*Attorneys for Plaintiff*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated, | CIVIL DIVISION |
| Plaintiff, | No. |
| | CLASS ACTION |
| v. | |
| MARLETTE FUNDING, LLC d/b/a BEST EGG, | |
| Defendant. | |

### **NOTICE TO DEFEND**

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within **TWENTY (20)** days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MARLETTE FUNDING, LLC d/b/a BEST EGG,<br><br>    Defendant. | CIVIL DIVISION<br><br>No.<br><br>CLASS ACTION |

**CLASS ACTION COMPLAINT**

Plaintiff Ronald Henry ("Plaintiff" or "Henry"), individually and on behalf of all others similarly situated, brings this action against Marlette Funding, LLC ("Defendant" or "Best Egg"), and alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks damages, attorneys' fees, and costs against Best Egg for its violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

**JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction pursuant to 42 Pa. C.S. § 931.

3. The Court has personal jurisdiction over Defendant pursuant to 42 Pa. C.S. § 5301.

4. Venue is proper pursuant to Pa. R. Civ. P. 2179 because Defendant regularly conducts business in this County.

## PARTIES

5. Henry is a person residing in Westmoreland County, Pennsylvania.

6. Best Egg is a limited liability company headquartered in Wilmington, Delaware.

7. Best Egg claims to be a top five leader in online lending.

8. Best Egg makes unsecured personal loans to consumers in the United States.

## PENNSYLVANIA'S CONSUMER FINANCE LAWS

9. The Consumer Discount Company Act ("CDCA") regulates personal loans in Pennsylvania. 7 P.S. §§ 6201-6219.

10. The CDCA prohibits non-banks from charging, collecting, contracting for, or receiving interest and fees that aggregate above the interest a non-bank can charge without a CDCA license. 7 P.S. § 6203.A.

11. The Loan Interest and Protection Law ("LIPL") limits non-banks to charging no more than 6% simple interest per year. 41 P.S. § 201(a).

12. Because of the LIPL's 6% interest rate cap, the CDCA caps non-banks that are not otherwise authorized to exceed the LIPL's 6% interest rate cap to charging, collecting, contracting for, or receiving interest and fees that aggregate to no more than 6% simple interest per year. 7 P.S. § 6203.A.

13. Once a non-bank obtains a CDCA license, it is limited to charging, collecting, contracting for, or receiving the interest and fees allowed by the CDCA. 7 P.S. § 6214.B.

14. For pre-computed loans, non-banks can pre-compute interest at a rate that varies between around 25% and 28% simple interest per year (depending on the length of the loan) and a service charge up to $150.00. 7 P.S. § 6213.E, F.

15. For simple interest loans, non-banks can charge interest at a rate of 24% and annual fees up to $50.00. 7 P.S. § 6217.1.A, D.

## FACTUAL ALLEGATIONS

*Best Egg's Lending Practices*

16. Best Egg operates a lending platform at bestegg.com, through which Best Egg accepts loan applications.

17. After Best Egg evaluates a consumer's creditworthiness and makes a loan offer, Best Egg requests Cross River Bank ("Cross River") to issue the loan.

18. Two days after a loan is issued, Cross River sells the loan back to Best Egg without recourse.

19. The loans are simple interest loans.

20. Most (if not all) of the loans are high interest, with interest rates reaching up to 36% simple interest per year.

21. The loans also include an origination fee, which generally is a percentage of a loan's principal balance.

22. The loan origination fees often are in the hundreds to thousands of dollars.

23. When consumers default on a loan, Best Egg sells their loans for pennies on the dollar to various debt buyers.

24. When Best Egg sells its loans, it sells all rights, title, and interest in and to the loans to the debt purchaser.

25. The debt buyers then attempt to collect the full balance of the loans from consumers.

*Facts Relevant to Henry*

26. In October of 2015, Best Egg issued a personal loan to Henry.

27. The loan was used for personal, family, and/or household purposes.

28. The loan was issued in the amount of $8,000.00.

29. Yet Henry only received $7,600.80 of actual money because Best Egg charged and deducted a $399.20 "origination fee."

30. Interest was also charged on the loan at a rate of 17.30%.

31. The interest and origination fee yielded an annual percentage rate of over 21%.

32. Henry made $4,299.16 in payments on the loan.

33. $2,307.69 of these payments went to principal and $1,680.60 of these payments went to interest and fees.

34. These payments amounted to 57% of the money Henry received.

35. At a certain point, Henry could no longer repay the loan and the loan was charged-off.

36. Despite paying 57% of the money Henry received from the loan, and because of the high interest rate and origination fee, Henry still owed $5,913.52 on the loan (or 78% of the money Henry received) when the loan was charged-off.

37. After the loan was charged-off, Best Egg allegedly sold all of its rights and interest in the loan to a debt buyer called UHG I, LLC ("UHG").

38. To the extent UHG actually bought the loan, it did so for pennies on the dollar of the unpaid balance.

39. After buying the loan for pennies on the dollar, UHG began contacting Henry and demanding payment of the entire $5,913.52.

***Best Egg's Actions are Unlawful***

40. Best Egg is a non-bank that is not licensed under the CDCA.

41. Best Egg is not authorized under any law to charge interest above the LIPL's 6% interest rate cap. 41 P.S. § 201(a).

42. This means that the CDCA prohibits Best Egg from charging, collecting, contracting for, or receiving interest and fees that aggregate in excess of 6% simple interest per year. 7 P.S. § 6203.A.

43. Yet Best Egg routinely issues loans with interest and fees that aggregate in excess of 6% simple interest per year.

44. Best Egg charges, collects, contracts for, or receives such interest and fees from Pennsylvania consumers.

45. Best Egg cannot charge, collect, contract for, or receive most of the interest and fees it charges, collects, contracts for, or receives because Best Egg is not and has never been licensed to do so.

46. Best Egg partners with Cross River in an attempt to circumvent the CDCA and the LIPL, but this partnership does not make Best Egg's loans lawful.

47. Although banks like Cross River may lawfully charge interest and fees at the rates and amounts charged on Best Egg's loans, Best Egg cannot take advantage of the rights granted to banks once a loan is sold. *See, e.g.*, *Madden v. Midland Funding, LLC*, 786 F.3d 246, 250 (2d Cir. 2015), *cert denied*, 136 S. Ct. 2505 (2016).

48. Regardless, Cross River is not the true lender of the loans at issue, meaning the loans are not made by a bank and the interest and fees charged on Best Egg's loans are never lawful. *See, e.g.*, *Fulford v. Marlette Funding, LLC*, No. 17-cv-30377 and *Fulford v. Avant of*

*Colorado, LLC*, No. 17-cv-30377 (Colo. Dist. Ct. Denver County Aug. 13, 2018); *Cmty. State Bank v. Strong*, 651 F.3d 1214 (11th Cir. 2011); *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004); *CFPB v. Cashcall, Inc.*, No. 15-cv-7522 (C.D. Cal. Aug. 31, 2016); *Pennsylvania v. Think Fin., Inc.*, No. 14-cv-7139, 2016 U.S. Dist. LEXIS 4649 (E.D. Pa. Jan. 14, 2016); *Goleta Nat'l Bank v. Lingerfelt*, 211 F. Supp. 2d 711 (E.D.N.C. 2002); *CashCall, Inc. v. Morrisey*, No. 12-cv-1274, 2014 W. Va. LEXIS 587 (W. Va. May 30, 2014); *Ubaldi v. SLM Corp.*, 852 F. Supp. 2d 1190 (N.D. Cal. 2012); *Eul v. Transworld Sys.*, No. 15-cv-7755, 2017 U.S. Dist. LEXIS 47505 (N.D. Ill. Mar. 30, 2017).

49. At base, the Best Egg/Cross River partnership is a subterfuge to evade Pennsylvania law.

50. Pennsylvania courts have long held that any attempted circumvention of Pennsylvania's usury laws is unlawful and cannot be used to prevent the enforcement of the law. *See Simpson v. Penn Disc. Corp.*, 5 A.2d 796, 798 (Pa. 1939); *Saunders v. Resnick*, 16 A.2d 676, 678 (Pa. Super. 1940); *Moll v. Lafferty*, 153 A. 557, 558-59 (Pa. 1931); *Walnut Disc. Co. v. Weiss*, 208 A.2d 26 (Pa. Super. 1965); *see also Scott v. Lloyd*, 34 U.S. 418 (1835); *Mo., Kan. & Tex. Trust Co. v. Krumseig*, 172 U.S. 351, 355-56 (1899).

***Best Egg's Actions Cause Substantial Harm to Pennsylvania Consumers***

51. Best Egg's actions make loans more expensive, increase the risk of default, and make the consequences of default much worse.

52. First, by charging, collecting, contracting for, and receiving interest and fees it cannot charge, collect, contract for, or receive, Best Egg makes loans more costly.

53. For example, Henry paid thousands more than he otherwise would have had to pay had Best Egg charged interest and fees at the lawful rates and amounts.

54. Second, by charging, collecting, contracting for, and receiving interest and fees it cannot charge, collect, contract for, or receive, Best Egg makes default more likely.

55. For example, because of Best Egg's unlawful interest and fees, Henry's payments were close to $300 per month.

56. Had Best Egg charged interest and fees at the legal rate and in the legal amount, Henry's monthly payments would have been much less, making it easier for Henry to repay the loan and decreasing the chance Henry would default.

57. Third, by charging, collecting, contracting for, and receiving interest and fees it cannot charge, collect, contract for, or receive, Best Egg makes the consequences of defaulting much worse.

58. For example, because of the unlawful interest and fees charged when the Account was active, Henry's payments went to unlawful interest and fees, rather than paying down the amount Henry actually received on the loan.

59. So, when Henry defaulted, he owed substantially more than he otherwise would have owed had Best Egg charged interest and fees at the lawful rates and amounts.

60. Similarly, because of the unlawful interest and fees that continued to accumulate on the Account when the Account was in default, Henry owed more than he otherwise would have owed had Best Egg charged interest and fees at the lawful rates and amounts.

61. Best Egg's actions caused and continue to cause substantial harm to Pennsylvania consumers by making their loans more costly, increasing their chances of default, and making the consequences of default far worse.

62. Henry brings this action seeking redress for the harm Best Egg's actions caused.

## CLASS ACTION ALLEGATIONS

63. Plaintiff brings this action individually and on behalf of all others similarly situated under Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure.

64. Plaintiff seeks to certify the following class: "All persons who, within the applicable statute of limitations, were issued a Best Egg loan and paid interest and fees that aggregated in excess of 6% simple interest per year."

65. Plaintiff reserves the right to expand, narrow, or otherwise modify the class as litigation continues and discovery proceeds.

66. <u>Pa. R. Civ. P. 1702(1), 1708(a)(2):</u> The class is so numerous that joinder of the class members is impracticable. There likely are hundreds of members of the class. Since each of the claims of the class members is substantially identical, and the class members request substantially similar relief, centralizing the class members' claims in a single proceeding likely is the most manageable litigation method available.

67. <u>Pa. R. Civ. P. 1702(2), 1708(a)(1):</u> Plaintiff and the class members share numerous common questions of law and fact that will drive the resolution of the litigation and predominate over any individual issues. For example, there is a single common answer to the question of whether Best Egg could charge, collect, contract for, or receive interest and fees that aggregate in excess of the rates and amounts set forth in the LIPL or CDCA. This question, and other common questions of law and fact, predominate over any individual issues.

68. <u>Pa. R. Civ. P. 1702(3):</u> Plaintiff's claims are typical of the claims of the class because the claims of Plaintiff and the class are based on the same legal theories and arise from the same conduct.

69. Pa. R. Civ. P. 1702(4), 1709: Plaintiff is an adequate representative of the class because the interests of Plaintiff and the class members align. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the class and has no interest antagonistic to the class. Plaintiff retained counsel who are competent and experienced in the prosecution of class action litigation generally and consumer finance litigation specifically.

70. Pa. R. Civ. P. 1708(a)(3), (6), (7): Given the complexity and nature of the issues presented and the relief requested, the expense and time necessary to obtain such relief, and the anticipated recovery and relief Plaintiff and the class members may obtain, the class action mechanism is by far the preferred and most efficient litigation mechanism to adjudicate the claims of Plaintiff and the class members. Additionally, requiring Plaintiff and the class members to file individual actions would impose a crushing burden on the court system and almost certainly lead to inconsistent judgments. Class treatment presents far fewer management difficulties and provides benefits of a single adjudication and economies of scale.

71. Pa. R. Civ. P. 1708(a)(4): Based on the knowledge of Plaintiff and undersigned counsel, there are no cases currently pending that address the issues or request relief for the conduct at issue in this case.

72. Pa. R. Civ. P. 1708(a)(5): This forum is appropriate for this litigation, as Defendant regularly conducts business in this County and part of the claims arose in this County.

# COUNT I
## Violation of the Unfair Trade Practices and Consumer Protection Law
## 73 P.S. §§ 201, *et seq.*

73. This claim is brought individually and on behalf of the class.

74. Plaintiff and Defendant are persons, the Account was used to buy goods and services for personal, family, and/or household use, and Defendant's conduct described herein is trade or commerce under the UTPCPL. 73 P.S. §§ 201-2(2)-(3), 201-9.2.

75. Defendant's conduct described herein constitutes unfair methods of competition and unfair or deceptive acts or practices under the UTPCPL because Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding. 73 P.S. § 201-2(4)(xxi).

76. Defendant's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce violates 73 P.S. § 201-3.

77. Henry and the class members lost money or property as a result of Defendant's violations and therefore are entitled to actual damages, statutory damages, treble damages, and all other available relief under 73 P.S. 201-9.2, as well as reasonable costs and attorneys' fees, and such additional relief the Court deems necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying the proposed class, appointing Plaintiff as representative of the proposed class, and appointing undersigned counsel as counsel for the proposed class;

b. An order awarding actual, statutory, treble, and all other damages available by law, along with pre- and post-judgment interest;

c. An order awarding attorneys' fees and costs;

d. An order declaring Defendant's conduct unlawful;

e. An order awarding all other relief that is just, equitable, and appropriate.

Respectfully submitted,

Dated: June 23, 2021      By:   */s/ Kevin Abramowicz*
Kevin Abramowicz
Kevin W. Tucker
East End Trial Group LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 223-5740
Fax: (412) 626-7101
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

*Attorneys for Plaintiff*

## **VERIFICATION**

I, Kevin Abramowicz, attorney for Plaintiff, am fully familiar with the facts set forth in this Complaint and am authorized to make this Verification. I verify that the averments contained in this Complaint are true and correct to the best of my knowledge, information, and belief. Plaintiff's verification shall be substituted for this attorney verification upon request. I understand any false statements herein are made subject to the penalties of 18 Pa. C.S § 4904, relating to unsworn falsification to authorities.

Respectfully submitted,

Dated: June 23, 2021      By:   */s/ Kevin Abramowicz*
                                Kevin Abramowicz
                                East End Trial Group LLC
                                6901 Lynn Way, Suite 215
                                Pittsburgh, PA 15208
                                Tel: (412) 223-5740
                                Fax: (412) 626-7101
                                kabramowicz@eastendtrialgroup.com

                                *Attorney for Plaintiff*