**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>      v.<br><br>MARLETTE FUNDING, LLC d/b/a BEST EGG,<br><br>       Defendant. | Civil Action No. 2:21-cv-00985-RJC |

**SUR-SUR REPLY OF DEFENDANT MARLETTE FUNDING, LLC d/b/a BEST EGG
IN SUPPORT OF SECOND MOTION TO COMPEL INDIVIDUAL ARBITRATION**

Plaintiff's[1] sur-reply (Dkt. 19) is a continuation of Plaintiff's effort to steer this Court away from the indisputable fact that his claim is subject to individual arbitration. This Court should reject Plaintiff's misdirection and find that Marlette can enforce the Loan Agreement's Arbitration Provision pursuant to well-established law and the record properly before the Court.

As an initial matter, Marlette did not waive any agency argument or its opportunity to submit evidence. In its opening brief, Marlette asserted that the Court should apply the Rule 12(b)(6) standard and limited its arguments to the allegations in the pleadings. Dkt. 13 at 5. Among other things, Marlette asserted that Plaintiff cannot avoid the Arbitration Provision by naming Marlette as the Defendant, rather than Marlette Funding Consumer Loan Trust (the "Trust"), which Plaintiff alleged is Marlette's designee. *Id.* at 9 n.4 (citing Dkt. 11 ¶¶ 15, 23-24). In response, Plaintiff introduced evidence beyond the four-corners of the FAC (the Register and Plaintiff's declaration (Dkts. 14-1 and 14-2)) and sought to have this Court decide the Motion

---

[1] Capitalized terms not defined herein shall have the same meaning as set forth in Marlette's Memorandum in Support of Second Motion to Compel Individual Arbitration. Dkt. 13.

under the Rule 56 standard.  Relying on the Register (which Plaintiff chose not to attach to the FAC even though Marlette's counsel provided it to Plaintiff's counsel before the FAC was filed), Plaintiff asserted that Marlette did not have the right to enforce the Arbitration Provision because Marlette was not an assignee.  Dkt. 14 at 10, 12-16.  In its Reply (Dkt. 16), however, Marlette properly argued it could enforce the Arbitration Provision (reiterating the argument it previously raised) and submitted the Amended Trust Agreement (Dkt. 16-2) to counter the evidence Plaintiff introduced.  Plaintiff cannot introduce argument and evidence into the record and argue for the application of a Rule 56 standard while simultaneously depriving Marlette the opportunity to fully respond.  Dkt. 16 at 4 n.2.[2]

Plaintiff's attempt to avoid federal case law holding that non-signatories can enforce arbitration provisions is without merit.  Dkt. 19 at 4.  The cited federal case law is in full accord with New Jersey law and, indeed, has been applied by New Jersey courts.  Dkt. 16 at 3 (citing, *e.g.*, *Bleumer v. Parkway Ins. Co.*, 649 A.2d 913, 928-31 (N.J. Super. 1994)).  Plaintiff does not contest, nor could he, that New Jersey law recognizes that arbitration may be compelled by a non-signatory against a signatory to a contract on the basis of agency principles.  *Id.* at 5 (citing, *e.g.*,

---

[2] Plaintiff's reliance on *Joaquin v. DIRECTV Grp. Holdings, Inc.*, No. 15-cv-08194, 2016 U.S. Dist. LEXIS 116312, at \*16-\*17 n.2 (D.N.J. Aug. 30, 2016) is misplaced.  Dkt. 19 at 2.  There, the defendants relied exclusively on an intertwinement theory initially and then raised an agency theory in reply.  *Id.*  Unlike *Joaquin*, Marlette did not change theories at all but consistently asserted Marlette is entitled to enforce the Arbitration Provision due to the relationship with the Trust—first based on Plaintiff's own allegations in the FAC and then based on the Amended Trust Agreement after Plaintiff introduced evidence in response.  In any event, Plaintiff has been given further opportunity to respond through its sur-reply, which vitiates his waiver argument.  *See Black & Davison v. Chambersburg Area Sch. Dist.*, Civil Action No. 1:17-CV-688, 2018 WL 1566666, at \*4 n.1 (M.D. Pa. Mar. 30, 2018) ("A finding of waiver is appropriate only if the moving party does not have an opportunity to respond to the moving party's new argument."); *Tristate HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 529 n.8 (E.D. Pa. 2010).

*Hirsch v. Amper Fin. Servs., LLC*, 215 N.J. 174, 192 (2013)).[3]  Plaintiff wholly ignores: (1) his own allegations that the Trust is Marlette's "designee" (Dkt. 11 ¶¶ 15, 23-24);[4] and (2) the plain language in the Amended Trust Agreement stating, among other things, that Marlette acts as "an *agent* of the Trust" and can "enforce any agreement . . . pursuant to which [the Trust] . . . has any rights" (such as the Loan Agreement) (Dkt. 16-2 § 11.01(a)(ii) (emphasis added)).  Contrary to Plaintiff's misguided arguments, Marlette does *not* need to rely on third-party beneficiary status to enforce the Loan Agreement.  Dkt. 19 at 4-5.  Additionally, Marlette's status as "an agent of the Trust" is unaffected by the fact that the Amended Trust Agreement states that Marlette is not a fiduciary.  *Id.* at 7-8; *Porreca v. City of Millville*, 419 N.J. Super. 212, 233 (App. Div. 2011) ("A contract should not be interpreted to render one of its terms meaningless"); *see also Luppino v. Sedgwick Claims Mgmt. Servs, Inc.*, Civil Action No. 08-CV-5315 (DMC-MF), 2010 WL 1999316, at *10 (D.N.J. May 19, 2010) (recognizing the notion of a "non-fiduciary agent").

Finally, Plaintiff's claim that Marlette acted outside the scope of its agency by performing allegedly unlawful activity (Dkt. 19 at 8-9) is not relevant to the Court's resolution of arbitrability as presented by the Motion.  *See Painewebber Inc. v. Hoffman*, 984 F.2d 1372, 1377 (3d Cir. 1993) ("In resolving the arbitrability of particular claims, however, a court is not to rule on the potential merits of the underlying claims.").

---

[3] Plaintiff's reliance on *Hirsch*'s finding that the party seeking to compel arbitration in that case did not establish equitable estoppel is wholly misplaced.  Dkt. 19 at 6.  Unlike *Hirsch*, Plaintiff "took deliberate action with regard to placing the [Loan] Agreement squarely at issue in the claim[] [he] has asserted against [Marlette] in this lawsuit." *Sicily by Car S.p.A. v. Hertz Global Holdings, Inc.*, Civil Action No. 14-6113 (SRC), 2015 WL 2403129, at *5 (D.N.J. May 20, 2015).

[4] Again, Plaintiff should not be permitted to name Marlette as the Defendant in the FAC and allege it violated the Loan Agreement and also claim that Marlette cannot enforce that same Loan Agreement.  Dkt. 16 at 2-4; *see also* Dkt. 19 at 6 n.3 (conceding that Plaintiff's claim relies on the Loan Agreement).

- 4 -

Dated: September 30, 2021                    **REED SMITH LLP**


/s/ *Justin J. Kontul*
Justin J. Kontul
Pa. I.D. No. 206026
Alex G. Mahfood
Pa. I.D. No. 324047
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
T: (412) 288-3131
F: (412) 288-3063
jkontul@reedsmith.com
amahfood@reedsmith.com

*Counsel for Defendant*
*Marlette Funding, LLC*
*d/b/a Best Egg*

## **CERTIFICATE OF SERVICE**

I certify that on September 30, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Justin J. Kontul*