**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:21-cv-00985 |
| MARLETTE FUNDING, LLC, d/b/a BEST EGG, | ) ) ) ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently pending before the Court is a Motion to Compel Individual Arbitration pursuant

to the Federal Arbitration Act (the "FAA") filed on behalf of Defendant Marlette Funding, LLC

d/b/a Best Egg (ECF No. 12).

Plaintiff Ronald Henry ("Plaintiff' or "Henry") brings this lawsuit, individually and on

behalf of all others similarly situated, regarding a loan agreement that he entered into in October

2015. Plaintiff asserts that Defendant violated the Pennsylvania Uniform Trade Practices and

Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201 *et seq*., by charging an interest rate on

Plaintiff's loan in excess of limits set by Pennsylvania law. Plaintiff alleges that Marlette

operates a lending platform through which it accepts loan applications. *See* Am. Compl. (ECF

No. 11) at ¶ 13. After Marlette makes a loan offer, it requests that Cross River Bank ("CRB")

issue the loan. *Id.* ¶ 14. Plaintiff alleges that after CRB issues the loan, CRB sells the loan to

Marlette. *Id.* ¶ 15.  Plaintiff alleges that when consumers default on a loan, Marlette or its non-

bank designees sell their loans for pennies on the dollar to various debt buyers. *Id.* at ¶ 20.  Here,

Plaintiff alleges that CRB sold the loan to a non-bank designee "Marlette Funding Consumer

Loan Trust."  *Id.* at ¶ 24. It was then sold to UHG I LLC ("UHG").  *Id.* at ¶ 35.   After UHG

bought the loan for pennies on the dollar, UHG began contacting Henry and demanding payment. *Id*. at ¶ 37.

After the filing of the initial complaint, Marlette filed its first Motion to Compel Individual Arbitration (ECF No. 7), attaching one exhibit to its brief, namely, the loan agreement between Plaintiff and Cross River Bank, which has a mandatory arbitration provision.  Marlette moved to dismiss the original complaint for failure to state a claim, relying on the arbitration provision in the loan agreement on the grounds that the Court may consider a document not attached to a complaint in deciding a motion to compel arbitration under the Rule 12(b)(6) standard when the document is "integral to or explicitly relied upon in the complaint." *Santana v. A.L. Recovery, LLC*, Civil Action No. 18-16, 2018 WL 3912830, at *4 (W.D. Pa. Aug. 16, 2018) (citing *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997)).

Soon thereafter, Plaintiff requested, and was granted, an extension of time to file a response to the first Motion to Compel Arbitration.  (ECF Nos. 9, 10).  He then filed an Amended Complaint, the operative pleading, without attaching the loan agreement.  (ECF No. 11). Marlette then filed the Second Motion to Compel Individual Arbitration, now pending. (ECF No. 12).  Plaintiff has disputed certain key facts, and defendant has provided record evidence outside the pleadings in response thereto, despite having represented to plaintiff through correspondence between counsel that discovery was not necessary to resolve the arbitrability issue.  Plaintiff objects to the Court's consideration of the additional record evidence.

Depending on the circumstances, a motion to compel arbitration may be analyzed under either the Rule 12(b)(6) motion to dismiss standard or the Rule 56 motion for summary judgment standard. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773–76 (3d Cir. 2013).

The Rule 12(b)(6) standard applies "[w]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or ... documents relied upon in the complaint)." *Id.* at 773–74 (internal quotations omitted). The summary judgment standard, however, applies when either (1) "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate," or (2) "the opposing party has come forth with reliable evidence that is more than a naked assertion ... that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Id.* at 774 (quotations and citations omitted). If the reviewing court finds that the motion to compel arbitration must be analyzed under the summary judgment standard, "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* at 776 (internal quotations omitted).

Here, the Amended Complaint (ECF No. 11) does not contain any facts indicating the existence of an arbitration agreement. Further, Plaintiff's claims, arguably, do not rely on any documents that contain the contested arbitration agreement. The arbitrability of Plaintiff's claims is therefore not apparent from the face of the Amended Complaint or documents relied upon by the Amended Complaint, and the appropriate standard of review is the Rule 56 summary judgment standard.  While Plaintiff appears not to contest the application of the Rule 56 standard, and, after studying the issue, the Court finds the defendant's motion appears to, potentially, ultimately have merit, in an abundance of caution, and because from Plaintiff's perspective the record may not be adequate to decide this issue, discovery will be permitted. Consequently, the Motion to Compel Arbitration must be denied and the parties must be given the opportunity to further develop the factual record in relation to the enforceability of the arbitration agreement.

AND NOW, this 29th day of March, 2022, it is hereby ORDERED that defendant's Motion to Compel Arbitration (ECF No. 12) be and the same is hereby DENIED without prejudice.  IT IS FURTHER ORDERED THAT the parties shall conduct limited discovery related to the narrow issue of the validity of the arbitration agreement.  The STAY in this case is hereby LIFTED and the parties shall proceed forthwith to discovery.  Any subsequent motion to compel arbitration shall be filed on or before **May 27, 2022.**  In the absence of such motion, the parties shall file a Joint Status Report on or before **May 27, 2022** with stipulated proposed case management deadlines pursuant to LCvR 16.1.

/s/*Robert J. Colville*
Robert J. Colville
United States District Judge

CC:  Counsel of record via electronic notice