**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARLETTE FUNDING, LLC d/b/a BEST EGG,<br><br>　　　　　Defendant. | Civil Action No. 2:21-cv-00985-RJC |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff Ronald Henry ("Plaintiff" or "Henry") and Defendant Marlette Funding, LLC d/b/a Best Egg ("Marlette" or "Defendant") (collectively, the "Parties") stipulate and agree, subject to approval of the Court, that because the discovery related to the issue of arbitrability in the above-captioned action will involve the production of documents, information and other materials that the Parties regard as confidential, proprietary or secret in nature, pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), the following provisions shall govern confidentiality and inadvertent disclosure of privileged materials during discovery related to the issue of arbitrability in these proceedings. The procedures for handling confidentiality at the time of trial in this matter are not within the scope of this Stipulation and Order and may be addressed if necessary in a future Order of the Court.

**A.　　Proceedings and Information Governed**

1.　　This Stipulation and Order shall apply to documents and other information produced in discovery related to the issue of arbitrability in the above-captioned action by the Parties, and any third party, or their present or former agents, employees, or representatives (the

"Producing Party") as to which the Producing Party asserts a claim that the document or other information is confidential ("Confidential Information") or is highly competitively or personally sensitive ("Highly Confidential Information").

2.      The Parties will abide by this Stipulation immediately, including until such time as it is entered by the Court.

## B.      Designation of Confidential Information

1.      As used herein, the term "document" shall have the meaning provided in Fed. R. Civ. P. 34 and any applicable local rule, and encompasses any and all writings of any kind, including, without limitation, letters, memoranda, notes, transcripts, computer tapes, discs, printouts, cartridges, recordings, text messages, e-mail messages and attachments, and all similar materials, whether electrically, mechanically, or manually readable.  The term "document" is to be given a broad definition and interpretation.

2.      Confidential Information shall include trade secrets or sensitive strategic planning, commercial planning, financial reporting, price planning information, or any other sensitive information of current significance, the disclosure of which would work a clearly defined and serious injury to the party seeking confidentiality.

3.      Confidential Information shall not consist of any information which at any time has been: (a) produced, disclosed or made available to the public or otherwise available for public access; and/or (b) disclosed in connection with any governmental public filing or securities offering and which documents or information could not reasonably be assumed to be, or have been intended to be kept, confidential.

4.      Highly Confidential Information shall include Confidential Information that is highly competitively or personally sensitive such that it may be viewed only by the Parties' attorneys.

5.      This Stipulation and Order shall not limit any Party's ability to use or disclose any Confidential Information or Highly Confidential Information produced, generated, or authored by that Party.

6.      Counsel for the Producing Party may designate Confidential Information as "Confidential" ("Confidential Materials") by placing the notation "Confidential" on every page of each document so designated and may designate Highly Confidential Information as "Confidential – Attorneys' Eyes Only" ("Highly Confidential Materials") by placing the notation "Confidential – Attorneys' Eyes Only" on every page of each document so designated. In the case of Confidential Information or Highly Confidential Information disclosed in a format not amendable to marking, such as electronically stored information ("ESI") produced in a native format, the notation "Confidential" or "Confidential – Attorneys' Eyes Only" shall be affixed to the disk or other medium in which it was produced, or counsel for the Producing Party may notify the Receiving Party which documents are Confidential or Confidential – Attorneys' Eyes Only, but not marked, by reference to Bates Number in a cover letter.  Confidential Information or Highly Confidential Information so designated shall be treated as such by all non-producing parties to this action (collectively, the "Receiving Parties") unless the Court shall rule otherwise.

7.      In the event that a Producing Party elects to produce documents for inspection, and the Receiving Party elects to inspect them before designating any such documents for copying, all such documents shall be treated as Confidential – Attorneys' Eyes Only during the pendency of any inspection period.  Upon selection of specific documents for copying and

production, the Producing Party may affix the appropriate confidentiality designation. Any information learned, transcribed, or noted by the Receiving Party from documents inspected but not designated for copying shall be maintained as Highly Confidential Materials.

8. Designation of witness deposition testimony as Confidential or Confidential – Attorneys' Eyes Only shall be accomplished by a statement to that effect during the deposition, or by a follow-up written designation sent to the other parties and to the court reporter within thirty (30) days after receipt of the transcript of that deposition and identifying the specific portions of the deposition transcript and exhibits being designated as "Confidential." Until the expiration of this thirty (30) day period, all deposition transcripts and exhibits shall be treated as Confidential Materials. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Stipulation and Order.

9. The provisions of this Stipulation and Order extend to all designated Confidential Information and Highly Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, affidavits, expert reports, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing materials.

10. All materials produced in connection with this litigation, including but not limited to all materials designated as Confidential Information or Highly Confidential Information

shall be used for the purpose of this lawsuit only and for no other purpose, including, without limitation, any business or commercial purpose.

### C.    Inadvertent Failure to Designate

1.    Inadvertent failure to designate materials produced as "Confidential" or "Confidential – Attorneys' Eyes Only" may be corrected at any time by written notice, which designation shall operate prospectively pursuant to the terms of this Stipulation and Order. Such inadvertent failure shall not constitute a waiver of any party's rights under this Stipulation and Order.  The information shall be treated by the Receiving Party as "Confidential" or "Confidential – Attorneys' Eyes Only" from the time the Receiving Party is notified in writing of the change in the designation.

### D.    Disclosure and Use of Confidential Information and Highly Confidential Information

1.    Subject to the requirements set forth below, Confidential Material besides Highly Confidential Material, including any copies, notes, abstracts or summaries thereof, may be disclosed to and viewed by only (a) the Receiving Parties, (b) the Producing Parties, (c) outside counsel of record in this action and in-house counsel, including their legal assistants, secretaries and other staff, as well as outside photocopying, graphic production, electronic discovery, and trial graphics vendors retained in connection with this action; (d) expert witnesses or other outside consultants retained in connection with this action; (e) witnesses in the course of preparation for or in the course of a deposition or pretrial hearing; (f) any person specifically referenced as an author, sender, addressee or other recipient in a document about to be disclosed whom counsel in good faith believes may have knowledge of relevant facts or of facts that may lead to the discovery of admissible evidence; (g) this Court, court employees, court reporters transcribing testimony herein, notarizing officers, and jurors; (h) any mediator, arbitrator, or provider of alternative

dispute resolution services retained by the Parties in connection with this action; and (i) any other person as to whom the Parties in writing agree.

2.      Subject to the requirements set forth below, Highly Confidential Materials, including any copies, notes, abstracts or summaries thereof, may be disclosed to and viewed by only (a) the Producing Parties, (b) outside counsel of record in this action; (c) expert witnesses or other outside consultants retained in connection with this action; (d) any person specifically referenced as an author, sender, addressee or other recipient in a document about to be disclosed whom counsel in good faith believes may have knowledge of relevant facts or of facts that may lead to the discovery of admissible evidence; (e) this Court, court employees, court reporters transcribing testimony herein, notarizing officers, and jurors; (f) any mediator, arbitrator, or provider of alternative dispute resolution services retained by the Parties in connection with this action; and (g) any other person as to whom the Parties in writing agree.

3.      Before any person identified in Paragraph D(1)(d) or (e) or Paragraph D(2)(c) is given access to Confidential Materials or Highly Confidential Materials, that person shall be furnished with a copy of this Stipulation and Order and shall sign a Certification in the form attached hereto as Exhibit A ("Certification").  The originals of such Certification shall be maintained by outside counsel of the Receiving Party until the final resolution of this litigation. Such Certification shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

4.      Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Stipulation and Order.  Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached hereto as Exhibit B.

5.      Confidential Information and Highly Confidential Information may be disclosed to a person, not already allowed access to such information under this Stipulation and Order, if:

a.      the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

b.      the designating Party is the person or is a Party for whom the person is a director, officer, employee, consultant or agent; or

c.      counsel for the Party designating the material agrees that the material may be disclosed to the person.  In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and persons to whom disclosure may be made, and who are bound by the Stipulation Protective Order, may be present during the disclosure or discussion of Confidential Information and Highly Confidential Information.  Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**E.      <u>Challenging Designations</u>**

1.      Should counsel for any of the Receiving Parties object to the designation by the Producing Party of any particular material as Confidential Materials of Highly Confidential Materials, such counsel at any time may notify counsel for the Producing Party in writing that he or she objects to the designation, specifying with particularity the material he or she believes has been classified improperly and the basis for his or her contention that said document should not be designated as Confidential Materials.  Upon receipt by the Producing Party of such written objection, counsel for the Producing Party shall then have ten (10) business days after receipt of a

challenge notice to advise the Receiving Party whether or not it will change the designation. Counsel shall negotiate in good faith to resolve the dispute as to the designation. If counsel are unable to agree upon the handling of the disputed material, and after the conference required under Local Rule 37.1, counsel for the Receiving Party may file with the Court a motion regarding the designation of such material as Confidential Materials or Highly Confidential Materials. During the pendency of any such objection, dispute or motion, the material in question shall be handled in accordance with the terms of this Stipulation and Order.

F.    **Filing Documents With the Court Under Seal**

1.    To the extent a Party desires to file Confidential Information or Highly Confidential Information with the Court, such information shall be filed under seal. In accordance with the Court's Civil Administrative Procedures Manual, a party seeking to file Confidential Information under seal must first seek leave of the Court.

2.    If a Party obtains leave of the Court to submit Confidential Information or Highly Confidential Information under seal, or in connection with an application seeking leave to file such information under seal, in every submission or filing with the Court, every document (including motions, memoranda, deposition transcripts, or other items) containing Confidential Information or Highly Confidential Information shall be filed with the Clerk under seal in an envelope or container on the face of which shall be stamped:

**CONFIDENTIAL**

This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court, dated _____, 2022, shall not be opened nor the contents displayed or revealed except as provided in that Order or by further order of the Court.

3.    Submissions filed under seal shall not be available for inspection except by the Court and authorized persons as set forth in Paragraphs D(1) through D(4).

**G.**      **Privileged Documents and Inadvertent Production of Protected Information**

1.      Neither Party shall have an obligation to list on a privilege log privileged documents created after the Complaint was filed in this matter on June 23, 2021.

2.      Pursuant to Fed. R. Evid. 502(d), and subject to the provisions of this Order, if a Producing Party discloses information in connection with the pending litigation, that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection and/or any other applicable privilege ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal, state, arbitration, or any other proceeding – of any claim of privilege of any kind or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

3.      Upon discovery of the inadvertent production of Protected Information, the Producing Party must promptly notify the Receiving Party, in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include why the Protected Information is covered by the attorney-client privilege and/or any other applicable privilege and/or constitutes trial preparation material. Upon such notification, the Receiving Party must promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has; and (b) provide a certification that it will cease further review, dissemination and use of the Protected Information. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.]

4.      A Party receiving documents is under a good-faith obligation to notify the producing Party upon identification of a document which reasonably appears on its face or in light of facts known to the Receiving Party to be potentially privileged.  Such notification shall not waive the Receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.  Failure by the Receiving Party to notify the Producing Party under this subsection where the Receiving Party did not know and should not reasonable know that the document was inadvertently produced shall not be a violation of this Order. Subsequent to notification by the Receiving Party, the Producing Party shall provide notice to the Receiving Party within a reasonable time of notification if the Producing Party believes the document to be Protected Information.

6.      The Parties may stipulate to extend the time periods set forth in Paragraphs G(3) and G(4) without further approval of the Court.

7.      The Producing Party retains the burden – upon challenge pursuant to Paragraph G(4) – of establishing the privileged or protected nature of the Protected Information.

8.      Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

9.      This Order does not preclude a party from voluntarily waiving the attorney-client privilege or other privilege or trial preparation material protection.  The provisions of Fed. R. Evid. 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

10.      In accordance with Fed. R. Evid. 502(b)(2), the failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

**H.      No Prejudice**

1.      Producing or receiving Confidential Information or Highly Confidential Information, or otherwise complying with the terms of this Stipulation and Order, shall not (a) operate as an admission by any Party that any particular Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**I.      Conclusion of Litigation**

1.      Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Stipulation and Order shall destroy or return to the Producing Party all materials and documents containing Confidential Information or Highly Confidential Information, and certify to the Producing Party such destruction or return.

2.      Nothing in this Stipulation and Order shall prevent counsel for the Receiving Party from retaining attorney work-product such as any summaries or other documents or writings prepared by or for said counsel that contain or refer to Confidential Information or Highly Confidential Information, provided that such summaries or other documents or writings are thereafter maintained under the conditions of confidentiality set forth in this Stipulation and

Order. The provisions of this Stipulation and Order shall not terminate upon the conclusion of this action, and the Court will retain jurisdiction to enforce it.

3. Neither the final resolution of this lawsuit nor the termination of employment of any person who has access to any Confidential Information or Highly Confidential Information shall relieve such person from the obligation of maintain the confidentiality of such information.

### J. Other Proceedings

1. By entering this Stipulation and Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Stipulation and Order that may be subject to a motion to disclose another party's Confidential Information pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

### K. Remedies

1. This stipulation and Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and other sanctions as may be available to the Court, including the power to hold parties or other violators of this Stipulation and Order in contempt. All other remedies available to any person(s) injured by a violation of this Stipulation and Order are fully reserved.

2. Any Party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Stipulation and Order.

**L.     Severability**

1.     The invalidity or unenforceability of any provisions of this Stipulation and Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

AGREED TO BY:

**EAST END TRIAL GROUP LLC**                     **REED SMITH LLP**


/s/ Kevin Abramowicz                               /s/ Justin J. Kontul
Kevin Abramowicz                                   Justin J. Kontul
Kevin Tucker                                       Pa. I.D. No. 206026
6901 Lynn Way, Suite 215                           Alex G. Mahfood
Pittsburgh, PA 15208                               Pa. I.D. No. 324047
T: (412) 223-5740                                  225 Fifth Avenue, Suite 1200
F: (412) 626-7101                                  Pittsburgh, PA 15222
kabramowicz@eastendtrialgroup.com                  T: (412) 288-3131
ktucker@eastendtrialgroup.com                      F: (412) 288-3063
                                                   jkontul@reedsmith.com
                                                   amahfood@reedsmith.com
*Counsel for Plaintiff*
*Ronald Henry*
                                                   *Counsel for Defendant*
                                                   *Marlette Funding, LLC d/b/a Best Egg*


It is so ORDERED:

Dated: ___May 11, 2022___                    ___s/Robert J. Colville_____, J.
                                                   Robert J. Colville
                                                   United States District Judge

- 13 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MARLETTE FUNDING, LLC d/b/a BEST EGG, <br><br> Defendant. | Civil Action No. 2:21-cv-00985-RJC |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Confidential Materials and/or Highly Confidential Materials as defined in the Stipulated Confidentially Agreement and Protective Order entered in the above-captioned action (hereinafter "Protective Order"), are being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Materials and/or Highly Confidential Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the Party who designated such information as confidential or by order of this Court. I also agree to notify any

- 2 -

stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all Confidential Materials and/or Highly Confidential Materials in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Materials are to be returned to counsel who provided me with such documents and materials.

Dated: _____         By: _____
                                 Title: _____

- 2 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARLETTE FUNDING, LLC d/b/a BEST EGG,<br><br>Defendant. | Civil Action No. 2:21-cv-00985-RJC |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Confidential Materials and/or Highly Confidential Materials, as defined in the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned action (hereinafter "Protective Order"), are being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use Confidential Materials and/or Highly Confidential Materials disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

05/11/2022 12:41 PM

Dated: _____     By:_____
                          Title: