**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated, | Civil Action No. 2:21-cv-00985-RJC |
| Plaintiff, | |
| v. | |
| MARLETTE FUNDING, LLC d/b/a BEST EGG, | |
| Defendant. | |

**DEFENDANT MARLETTE FUNDING, LLC d/b/a BEST EGG'S
UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule LCvR 5.2.H., Defendant Marlette Funding, LLC d/b/a Best Egg ("Marlette" or "Defendant") files this Unopposed Motion for Leave to File Documents Under Seal ("Motion") and in support states as follows:

1.      In the discovery that has occurred in this case pursuant to this Court's March 29, 2022 Order (Dkt. 26), Marlette has designated as Confidential certain documents pursuant to the Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Order") entered in this case (Dkt. 29).

2.      Also pursuant to this Court's March 29, 2022 Order (Dkt. 26), Marlette intends to file a Third Motion to Compel Arbitration ("Motion to Compel"), Concise Statement of Material Facts in Support of the Motion to Compel, Memorandum in Support of the Motion to Compel, and Appendix in Support of the Motion to Compel on or before May 27, 2022.

3.      Marlette intends to submit certain exhibits to the Appendix in Support of the Motion to Compel that have been designated as Confidential pursuant to the Confidentiality Order.

4.      The Confidentiality Order requires Marlette to seek leave of Court to file with the Court documents designated as Confidential pursuant to the Confidentiality Order.  Dkt. 29 § F.

5.      While there is a presumption of public access to judicial records, the common law right of access is not absolute.  *See In re Avandia Marketing*, 924 F.3d 662, 672-73 (3d Cir. 2019). A party seeking to overcome the presumption of access must show that the interest in secrecy outweighs the presumption.  *Id.* at 672.  In particular, a party seeking to seal judicial records must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking disclosure.  *Id.* (quoting *Millder v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

6.      In determining whether judicial records may be sealed, some factors Third Circuit courts may consider, in conjunction with the presumption of access, are: (1) whether disclosure will violate any privacy interests; (2) whether confidentiality is being sought over information important to public health and safety; (3) whether the sharing of information among litigants will promote fairness and efficiency; (4) whether a party benefiting from the order of confidentiality is a public entity or official; and (5) whether the case involves issues important to the public.  *See Avandia*, 924 F.3d at 670-77; *see also Pugliano v. Grace Holms, Inc.*, 2012 WL 1866380, at *2 (W.D. Pa. May 22, 2012) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

7.      The exhibits that Marlette intends to attach to the Appendix in Support of the Motion to Compel that have been designated as Confidential pursuant to the Confidentiality Order contain competitively sensitive and proprietary business information regarding Marlette's operations and organizational structure.  Specifically, the Marlette business information that will be attached to the Appendix includes:

a.  Confidential internal and proprietary data related to Plaintiff Ronald Henry's ("Plaintiff" or "Henry") interaction with the "Best Egg" website; and

b.  Confidential business records that reflect internal and proprietary data related to the transfer and assignment of interests at issue in this case.

8.  Marlette's business information is not important to public health and safety, is not necessary to promote fairness and efficiency, does not involve a public entity or official, and is not important to the public. Rather, it constitutes confidential and commercial information the disclosure of which could work a serious injury to Marlette that outweighs the public's common law right of access to these judicial records.

9.  Counsel for Plaintiff does not opposes the relief requested in this Motion.

WHEREFORE, for the foregoing reasons, Marlette respectfully requests that the Court enter an Order granting Marlette leave to file under seal exhibits attached to the Appendix in Support of the Motion to Compel on or before May 27, 2022.

Dated: May 26, 2022

**REED SMITH LLP**

*/s/ Justin J. Kontul*
Justin J. Kontul
Pa. I.D. No. 206026
Alex G. Mahfood
Pa. I.D. No. 324047
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
T: (412) 288-3131
F: (412) 288-3063
jkontul@reedsmith.com
amahfood@reedsmith.com

*Counsel for Defendant*
*Marlette Funding, LLC*
*d/b/a Best Egg*

- 3 -

## **CERTIFICATE OF SERVICE**

I certify that on May 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

/s/ Justin J. Kontul