**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>MARLETTE FUNDING, LLC d/b/a BEST EGG,<br><br>    Defendant. | Civil Action No. 2:21-cv-00985-RJC |

**DEFENDANT MARLETTE FUNDING, LLC d/b/a BEST EGG'S REPLY
<u>IN SUPPORT OF THIRD MOTION TO COMPEL INDIVIDUAL ARBITRATION</u>**


**REED SMITH LLP**


Justin J. Kontul
Pa. I.D. No. 206026
Alex G. Mahfood
Pa. I.D. No. 324047
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
T: (412) 288-3131
F: (412) 288-3063
jkontul@reedsmith.com
amahfood@reedsmith.com

*Counsel for Defendant
Marlette Funding, LLC
d/b/a Best Egg*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 2

I.  MARLETTE CAN INVOKE THE DELEGATION CLAUSE ......................................... 2

    A.  The Delegation Clause Applies Here. ................................................................. 2

    B.  Marlette Has Not Waived Its Right To Invoke The Delegation Clause. ................ 3

    C.  The Loan Agreement Forecloses Plaintiff's Waiver Argument. ........................... 5

II.  MARLETTE CAN ENFORCE THE ARBITRATION PROVISION. ............................. 6

    A.  Plaintiff's Challenges To Marlette's Reliance On Federal And New Jersey
        Equitable Principles To Enforce The Arbitration Provision Are Misplaced. ......... 7

        i.  The Pritzker Line of Cases Is Directly Applicable. ................................... 7

        ii.  Plaintiff Cannot Avoid New Jersey Equitable Estoppel Principles. ........... 9

    B.  Plaintiff's Assertion That Non-Signatory Agents Cannot Enforce
        Arbitration Agreements Under New Jersey Agency Principles Is Untrue. .......... 11

    C.  Marlette's Rights To Enforce The Arbitration Provision Survived The Loan
        Agreement's Assignment To UHG I LLC. ......................................................... 13

CONCLUSION ............................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfano v. BDO Seidman, LLP*,
925 A.2d 22 (N.J. Super. App. Div. 2007) .................................................................................9

*Barras v. Branch Banking & Trust Co.*,
685 F.3d 1269 (11th Cir. 2012) ................................................................................................5

*Becker v. Delek US Energy Inc.*,
Nos. 20-6255/6258, 2022 U.S. App. LEXIS 18524 (6th Cir. July 6, 2022)............................2

*Beture v. Samsung Elecs.*,
Civil Action No. 17-5757 (SRC), 2018 WL 4621586 (D.N.J. July 18, 2018) ........................10

*Bleumer v. Parkway Ins. Co.*,
649 A.2d 913 (N.J. Super. Law Div. 1994) ..............................................................................9

*Bodine v. Cook's Pest Control Inc.*,
830 F.3d 1320 (11th Cir. 2016) ................................................................................................5

*Bores v. Mountain Valley Pipeline LLC*,
552 F. Supp. 3d 580 (S.D. W. Va. 2021).............................................................................8, 9

*Cain v. Citibank, N.A.*,
Civil No. JFM-16-2930, 2016 U.S. Dist. LEXIS 159153 (D. Md. Nov. 15,
2016) ........................................................................................................................................14

*Castle v. Global Credit & Collection Corp.*,
Case No. 1:18-cv-06888, 2020 U.S. Dist. LEXIS 4617 (N.D. Ill. Jan. 10,
2020) ......................................................................................................................................5, 6

*Chlarson v. EK Real Estate Servs. of N.Y., LLC*,
5-21-CV-01046-XR, 2022 U.S. Dist. LEXIS 116526 (W.D. Tex. July 1, 2022).....................3

*Colon v. Conchetta, Inc.*,
Civil Action No. 17-0959, 2017 U.S. Dist. LEXIS 91001 (E.D. Pa. June 14,
2017) ..........................................................................................................................................2

*Espada v. Guardian Serv. Indus.*,
18-CV-5443 (ILG)(JO), 2019 U.S. Dist. LEXIS 181187 (E.D.N.Y. Oct. 18,
2019) ..........................................................................................................................................5

*Farmland Dairies, Inc. v. Milk Drivers & Dairy Emps. Union Local 680*,
956 F. Supp. 1190 (D.N.J. 1997) ..............................................................................................7

*Fericks v. Lucy Ann Soffe Trust,*
 100 P.3d 1200 (Utah 2004)..................................................................................12

*Fuller v. Frontline Asset Strategies, LLC,*
 No. 17 C 7901, 2018 U.S. Dist. LEXIS 61015 (N.D. Ill. Apr. 11, 2018)..................................6

*Garfinkel v. Morristown Obstetrics & Gynecology Assocs.,*
 755 A.2d 626 (N.J. Super. App. Div. 2000), *rev'd on other grounds*, 773 A.2d
 665 (N.J. 2001) ........................................................................................11

*Gray Holdco, Inc. v. Cassady,*
 654 F.3d 444 (3d Cir. 2011)...................................................................................6

*Grimm v. First Nat'l Bank,*
 578 F. Supp. 2d 785 (W.D. Pa. 2008)..........................................................................6

*Holdbrook Pediatric Dental, LLC v. Pro Computer Serv., LLC,*
 Civil No. 14-6115 (NLH/JS), 2015 WL 4476017 (D.N.J. July 21, 2015).............................10

*Humphrey v. GlaxoSmith Kline PLC,*
 263 A.3d 8 (Pa. Super. 2021).................................................................................12

*Khan v. Panjwani,*
 Case No. 20-60032-CIV-Cannon/Hunt, 2021 U.S. Dist. LEXIS 200671 (S.D.
 Fla. Oct. 19, 2021) .........................................................................................4

*Lovelace v. Showroom Auto, LLC,*
 16 CV 4978 (ERK) (CLP), 2017 U.S. Dist. 154595, at *19 (E.D.N.Y. Sept.
 18, 2017), *report and recommendation adopted by*, 2017 U.S. Dist. LEXIS
 170463 (E.D.N.Y. Oct. 10, 2017)...........................................................................14

*McLean v. HSBC Fin. Corp.,*
 Civil Action No. 15-8974 (SDW)(LDW), 2016 U.S. Dist. LEXIS 136817
 (D.N.J. Oct. 3, 2016)........................................................................................10

*In re Midland Credit Mgmt.,*
 Case No. 11md2286-MMA (MDD), 2019 U.S. Dist. LEXIS 65827 (S.D. Cal.
 Apr. 17, 2019) .............................................................................................15

*Morgan v. Sundance, Inc.,*
 142 S.Ct. 1708 (2022)......................................................................................3, 8

*Mut. Benefit Life Ins. Co. v. Zimmerman,*
 783 F. Supp. 853 (D.N.J. 1992), *aff'd*, 970 F.2d 899 (3d Cir. 1992)...................................12

*Najmee v. Brownstones at Essex Fells, LLC,*
 Docket No. A-3232-12T3, 2014 N.J. Super. Unpub. LEXIS 205 (N.J. Super.
 App. Div. Feb. 3, 2014) ....................................................................................12

*Nino v. Jewelry Exch., Inc.*,
  609 F.3d 191 (3d Cir. 2010)..................................................................................................3

*Pritzker v. Merrill Lynch, Pierce, Fenner & Smith*,
  7 F.3d 1110 (3d Cir. 1993). Dkt. 46.................................................................................7, 9

*Provenzano v. Ohio Valley Gen. Hosp.*,
  121 A.3d 1085 (Pa. Super. 2015)........................................................................................12

*Raia v. CohnReznick LLP*,
  Docket No. BER-L-2262-18 Civil Action, 2019 N.J. Super. Unpub. LEXIS
  2054 (N.J. Super. Law Div. Sept. 23, 2019), *aff'd*, 2020 N.J. Super. Unpub.
  LEXIS 1207 (N.J. Super. App. Div. June 22, 2020)..............................................................8

*Richardson v. Coverall N. Am., Inc.*,
  811 Fed. App'x 100 (3d Cir. 2020).......................................................................................3

*Rizzo v. Island Med. Mgmt. Holdings, LLC*,
  Docket No. A-0554-17T2, 2018 N.J. Super. Unpub. LEXIS 1225 (N.J. Super.
  App. Div. May 25, 2018).......................................................................................................8

*Rodriguez v. Equifax Info. Servs., LLC*,
  Case No. 3:21-cv-01421-BEN-KSC, 2022 U.S. Dist. LEXIS 103724 (S.D.
  Cal. June 9, 2022) ................................................................................................................2

*S&R Co. of Kingston v. Latona Trucking, Inc.*,
  159 F.3d 80 (2d Cir. 1998)....................................................................................................6

*Salerno Med. Assocs., LLP v. Rivserside Med. Mgmt., LLC*,
  542 F. Supp. 3d 268 (D.N.J. 2021) ..................................................................................3, 11

*Schwendeman v. Health Carousel, LLC*,
  Case No. 18-cv-07641-BLF, 2019 U.S. Dist. LEXIS 202535 (N.D. Cal. Nov.
  20, 2019) ..............................................................................................................................4

*Sicily by Car S.p.A. v. Hertz Global Holdings Inc.*,
  Civil Action No. 14-6113 (SRC), 2015 U.S. Dist. LEXIS 65751 (D.N.J. May
  20, 2015) ....................................................................................................................3, 10, 11

*Singer v. Commodities Corp. (U.S.A.)*,
  678 A.2d 1165 (N.J. Super. App. Div. 1996) .......................................................................9

*SuperMedia v. Affordable Elec., Inc.*,
  565 Fed. App'x 144 (3d Cir. 2014)........................................................................................3

*United States v. Olano*,
  507 U.S. 725 (1993)...............................................................................................................3

*Victory Entm't, Inc. v. Schibell*,
    Docket No. A-3388-16T2, 2018 N.J. Super. Unpub. LEXIS 1467 (N.J. Super.
    App. Div. June 21, 2018) ...................................................................................................11

*Wasserstein v. Kovatch*,
    618 A.2d 886 (N.J. Super. App. Div. 1993), *cert. denied*, 627 A.2d 1145 (N.J.
    1993) ..................................................................................................................................12

*In re Wholesale Grocery Prods. Antitrust Litig.*,
    850 F.3d 344 (8th Cir. 2017) .............................................................................................14

*Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's,
    London*,
    359 F. Supp. 3d 1253 (S.D. Fla. 2019) ...............................................................................5

*Zenon v. Dover Downs, Inc.*,
    Civil Action No. 21-1194-RGA, 2022 U.S. Dist. LEXIS 112798 (D. Del. June
    27, 2022) ..............................................................................................................................4

## Other Authorities

Restatement (Third) of Agency § 6.01 ........................................................................................12

Restatement (Third) Agency § 6.01 Comment d.........................................................................13

Without Prejudice, Black's Law Dictionary (11th ed. 2019) ........................................................4

**PRELIMINARY STATEMENT**

Plaintiff's Response offers no reason why the Court should not grant Marlette's Motion, order the parties to proceed to arbitrate this matter on an individual basis, and dismiss the FAC.[1]

As a threshold matter, the Loan Agreement's delegation clause requires that Plaintiff's challenges to the enforceability of the Loan Agreement must be resolved by the arbitrator. Plaintiff's argument that Marlette waived its right to enforce the delegation clause is incorrect. From the outset, Marlette has solely and consistently sought to compel arbitration of Plaintiff's claim. As such, Marlette did not waive its right to invoke the delegation clause in any manner. In any event, the Loan Agreement expressly provides that no failure or delay in enforcing a right constitutes waiver, which bars Plaintiff's waiver argument.

Even if the Court addresses the substance of Plaintiff's arguments, Plaintiff's assertion that Marlette cannot enforce the Arbitration Provision fails for numerous reasons. In particular, Plaintiff's challenges to directly applicable equitable estoppel principles misapprehend federal and New Jersey law and ignore the FAC, which puts the Loan Agreement directly at issue in this case. Plaintiff's assertion that a non-signatory agent cannot enforce an arbitration agreement under agency principles ignores well-established New Jersey law and further mischaracterizes inapplicable authorities. Finally, Plaintiff's assertion that Marlette's right to enforce the Arbitration Provision extinguished when the Loan Agreement was assigned to UHG I LLC casts aside survival language in the Loan Agreement that courts routinely hold preserves such right.

The Court should grant the Motion and dismiss this case with prejudice.

---

[1] Capitalized terms not defined herein shall have the same meaning as set forth in Marlette's Opening Memorandum. Dkt. 34. Also, when citing to docket entries, Marlette cites to the ECF page numbers stamped by the Court at the top of each page.

## ARGUMENT

### I.    MARLETTE CAN INVOKE THE DELEGATION CLAUSE.

#### A.    The Delegation Clause Applies Here.

The Arbitration Provision states that a party may require that the sole and exclusive remedy for resolution of a "Claim" be final and binding arbitration, where "Claim" is defined to include "any past, present, or future claim, dispute, or controversy" relating to "***the validity or enforceability of this Arbitration Provision, any part thereof, or the entire Agreement.***"  *See* Dkt. 35-2 § 25.a. (emphasis added).  This clause "is clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.  Indeed, the language could not be clearer that the parties have agreed that the arbitrator will decide all threshold issues."  *See Colon v. Conchetta, Inc.*, Civil Action No. 17-0959, 2017 U.S. Dist. LEXIS 91001, at *9 (E.D. Pa. June 14, 2017).

Despite Plaintiff's assertion to the contrary (Dkt. 46 at 29-30), this delegation clause plainly requires an arbitrator to resolve ***all*** of Plaintiff's challenges to the Motion, including Marlette's right to enforce the Arbitration Provision.  *See Becker v. Delek US Energy Inc.*, Nos. 20-6255/6258, 2022 U.S. App. LEXIS 18524, at *8 (6th Cir. July 6, 2022) (holding that plaintiff's challenge to non-signatory's ability to enforce an arbitration agreement was a question of enforceability reserved for the arbitrator to decide under the delegation clause); *Rodriguez v. Equifax Info. Servs., LLC*, Case No. 3:21-cv-01421-BEN-KSC, 2022 U.S. Dist. LEXIS 103724, at *20-*21 (S.D. Cal. June 9, 2022) ("Based on Plaintiff's written signature on the Contract, his failure to opt-out of the Arbitration Provision, and the express language of the Provision itself [providing that any claims related to the applicability of the arbitration clause shall be resolved by arbitration], there is clear and unmistakable evidence that Plaintiff agreed to arbitrate arbitrability

with [a] non-signatory").[2]   Because Plaintiff's threshold challenges to the enforceability of the

Loan Agreement must be determined by the arbitrator under the Loan Agreement's delegation

clause, the Court lacks the authority to decide the enforceability issue and should dismiss the FAC.

**B.      Marlette Has Not Waived Its Right To Invoke The Delegation Clause.**

Seeking to escape the delegation clause's dispositive nature, Plaintiff argues that Marlette

has waived its right to invoke it.  Dkt. 46 at 28-29.  Marlette has done no such thing.  Waiver is

the intentional relinquishment or abandonment of a known right.  *See Morgan v. Sundance, Inc.*,

142 S.Ct. 1708, 1713 (2022) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).  Waiver

is not to be lightly inferred, and waiver will normally be found only where the demand for

arbitration came long after the suit commenced and when both parties had engaged in extensive

discovery.  *See SuperMedia v. Affordable Elec., Inc.*, 565 Fed. App'x 144, 147 (3d Cir. 2014)

(quoting *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 (3d Cir. 2010)).

Numerous courts in the Third Circuit and beyond find—in circumstances like those here—

that so long as a party consistently displays an intent to compel arbitration there can be no waiver

of the right to invoke the delegation clause.  *See, e.g. Chlarson v. EK Real Estate Servs. of N.Y.,*

*LLC*, 5-21-CV-01046-XR, 2022 U.S. Dist. LEXIS 116526, at *18 (W.D. Tex. July 1, 2022)

---

[2] Plaintiff's reliance on *Sicily by Car S.p.A. v. Hertz Global Holdings Inc.*, Civil Action No. 14-6113 (SRC), 2015 U.S. Dist. LEXIS 65751 (D.N.J. May 20, 2015) and *Salerno Med. Assocs., LLP v. Rivserside Med. Mgmt., LLC*, 542 F. Supp. 3d 268 (D.N.J. 2021) for the proposition "that equitable estoppel arguments, which go to whether a valid arbitration agreement exists, must be decided by the court[,]" is misplaced.  *See* Dkt. 46 at 30.  For instance, the arbitration clause in *Sicily* simply incorporated by reference the International Arbitration Rules of the American Arbitration Association ("AAA"), which was not a "clear and unmistakable agreement" to arbitrate arbitrability.  *See* 2015 U.S. Dist. LEXIS 65751, at *4-*6.  Indeed, it did not clearly and unmistakably state, like the Loan Agreement here, that claims relating to the validity and enforceability of the Arbitration Provision or the Loan Agreement are to be arbitrated.  *Id.*; Dkt. 35-2 § 25.a.; *Richardson v. Coverall N. Am., Inc.*, 811 Fed. App'x 100, 103-04 and n.2 (3d Cir. 2020) ("Even where an agreement incorporates the AAA Rules [which created a delegation clause in that case], a contract might still otherwise muddy the clarity of the parties' intent to delegate.").

(finding no waiver of right to invoke delegation clause even though not raised in initial motion to compel arbitration because defendants had "not proceeded in this litigation in a manner inconsistent with an intent to seek arbitration."); *Zenon v. Dover Downs, Inc.*, Civil Action No. 21-1194-RGA, 2022 U.S. Dist. LEXIS 112798, at *4-*5 (D. Del. June 27, 2022) (finding no waiver of right to arbitration, including enforcement of delegation clause, after defendant answered the complaint without referencing the arbitration agreement in its affirmative defenses); *Schwendeman v. Health Carousel, LLC*, Case No. 18-cv-07641-BLF, 2019 U.S. Dist. LEXIS 202535, at *19 (N.D. Cal. Nov. 20, 2019) (finding no waiver of right to invoke delegation clause even though not raised in initial motion to compel arbitration because defendants invoked it after plaintiff asserted specific contract interpretation issues in opposition).

After Marlette timely removed this case (Dkt 1), it filed the First Motion to Compel Individual Arbitration (Dkts. 7 and 8).  In response, Plaintiff filed the FAC.  Dkt. 11.  Marlette then timely filed its Second Motion to Compel Individual Arbitration.  Dkts. 12 and 13.  In his response, Plaintiff challenged, ***for the first time***, the enforceability of the Arbitration Provision (an issue for the arbitrator under the delegation clause).  Dkt. 14.  Plaintiff's challenge led the Court to deny the Second Motion to Compel ***without prejudice***, ***expressly giving Marlette the opportunity to file a subsequent motion to compel arbitration***.  Dkt. 26.  Clearly, Marlette has taken no action that is inconsistent with an intention to compel arbitration; therefore, no waiver has occurred.  Further, because the Court denied the Second Motion to Compel without prejudice, Marlette is entitled to raise any and all arguments regarding arbitration in the instant Motion.  *See Khan v. Panjwani*, Case No. 20-60032-CIV-Cannon/Hunt, 2021 U.S. Dist. LEXIS 200671, at *9 (S.D. Fla. Oct. 19, 2021) (quoting Without Prejudice, Black's Law Dictionary (11th ed. 2019)) ("In dismissing motions . . . 'without prejudice,' no right or remedy of the parties is affected.").

The Eleventh Circuit cases Plaintiff relies on in support of his waiver argument are inapposite. *See* Dkt. 46 at 22-23. In *Bodine v. Cook's Pest Control Inc.*, 830 F.3d 1320, 1324-25 (11th Cir. 2016), the defendant ***never*** invoked the delegation clause, either before the district court ***or on appeal***—the Eleventh Circuit addressed it simply to establish that the issue of "whether the arbitration agreement [was] enforceable was properly before the district court and [was] now properly before [the Eleventh Circuit] on appeal." In *Barras v. Branch Banking & Trust Co.*, 685 F.3d 1269, 1274-75 (11th Cir. 2012), the Eleventh Circuit affirmed the district court's ruling that the defendant waived its right to invoke a delegation clause for the first time ***after remand*** from the Eleventh Circuit on a prior arbitration-related appeal. In *Ytech 180 Units Miami Beach Invs. LLC v. Certain Underwriters at Lloyd's, London*, 359 F. Supp. 3d 1253, 1265-66 (S.D. Fla. 2019), the court found, like here, that the defendant properly relied upon the delegation clause and that "Plaintiff's attempt to avoid the delegation clause is unavailing." Finally, in *Espada v. Guardian Serv. Indus.*, 18-CV-5443 (ILG)(JO), 2019 U.S. Dist. LEXIS 181187, at *21 (E.D.N.Y. Oct. 18, 2019), the lone case Plaintiff cites on this point from outside the Eleventh Circuit, the court simply relied on the uncontroversial principle that arguments raised for the first time in a reply may be waived. In any event, the court nevertheless considered the merits of the defendant's delegation clause argument. Plaintiff's waiver argument is without merit—Marlette waived nothing.

**C.      The Loan Agreement Forecloses Plaintiff's Waiver Argument.**

As a final matter, even if Plaintiff's waiver argument had any merit (it does not), it would still fail because it "sits uncomfortably with the plain language of the [Loan] [A]greement." *See Castle v. Global Credit & Collection Corp.*, Case No. 1:18-cv-06888, 2020 U.S. Dist. LEXIS 4617, at *18-*19 (N.D. Ill. Jan. 10, 2020). The Loan Agreement expressly states that "[f]ailure or delay by either party to enforce any term or condition of this Agreement will not constitute a waiver of such term or condition." Dkt. 35-2 § 24. Under this language, "[t]he parties . . . agreed that

delay was not a waiver." *Castle*, 2020 U.S. Dist. LEXIS 4617, at *19 (rejecting argument that party waived right to arbitrate based on, among other things, "failure or forbearance" language like that in the Loan Agreement). *See also Fuller v. Frontline Asset Strategies, LLC*, No. 17 C 7901, 2018 U.S. Dist. LEXIS 61015, at *9 (N.D. Ill. Apr. 11, 2018) (same); *Grimm v. First Nat'l Bank*, 578 F. Supp. 2d 785, 800-01 (W.D. Pa. 2008).

The cases Plaintiff relies on to nullify this language: (1) construed vastly different provisions authorizing a party ***to seek a preliminary injunction or provisional remedies in court*** without waiving arbitration; and (2) did not concern the enforcement of a delegation clause. Dkt. 46 at 29 n.16.[3] Because no affirmative litigation conduct that is inconsistent with an intent to arbitrate has occurred here, these cases are inapplicable.

## II.    MARLETTE CAN ENFORCE THE ARBITRATION PROVISION.

Plaintiff's primary argument that Marlette, as a purported non-signatory and non-assignee, cannot enforce the Arbitration Provision is without merit.[4] Dkt. 46 at 11-14. Neither federal law nor New Jersey law (both of which govern the Loan Agreement (Dkt. 35-2 § 24)) require the Arbitration Provision to expressly state that non-signatories and non-assignees have the right to enforce it in order for them to do so. Indeed, as Plaintiff concedes (*id.* at 14-25), non-signatories

---

[3] *See Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 452 (3d Cir. 2011) (holding that provision stating that "either party may, without inconsistency with this arbitration provision, apply to any court having jurisdiction over such dispute or controversy and seek interim provisional, injunctive or other equitable relief until the arbitration award is rendered or the controversy is otherwise resolved" did "not override the applicability of the *Hoxworth* multipart analysis which examines whether a party, by its participation in litigation, has waived its right to invoke arbitration."); *S&R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 85 (2d Cir. 1998) (construing provision stating that "[n]o judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate" to mean that parties could "seek provisional remedies or other judicial proceedings that would not function to displace arbitration on the underlying dispute.").

[4] Similarly, Marlette does not attempt to enforce the Loan Agreement as a third-party beneficiary. *See generally* Dkt. 34. Plaintiff's argument that Marlette is attempting to, but cannot, do so also is a red-herring. Dkt. 46 at 13, 17-18.

and non-assignees ***can*** enforce arbitration agreements under both federal and New Jersey law under circumstances just like those in this case.

### A. Plaintiff's Challenges To Marlette's Reliance On Federal And New Jersey Equitable Principles To Enforce The Arbitration Provision Are Misplaced.

#### i. The *Pritzker* Line of Cases Is Directly Applicable.

On two separate, yet equally infirm, grounds, Plaintiff challenges Marlette's reliance on *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith*, 7 F.3d 1110 (3d Cir. 1993). Dkt. 46 at 22-25. *Pritzker* and its progeny in the Third Circuit all stand for the well-established proposition that Plaintiff cannot circumvent his obligations under the Arbitration Provision by naming Marlette as a defendant. This case law provides that a plaintiff cannot name a purported non-signatory or non-assignee (such as Marlette) as a defendant in order to avoid an arbitration agreement when the plaintiff's claim arises out of the contract containing the arbitration agreement (such as the Loan Agreement). *See Pritzker*, 7 F.3d at 1121-22. "[I]f the rule were otherwise, a party could easily 'avoid the practical consequences of an agreement to arbitrate by naming non-signatory parties as [defendants] in his complaint or signatory parties in their individual capacities only [and] the effect of the rule requiring arbitration would, in effect, be nullified.'" *Farmland Dairies, Inc. v. Milk Drivers & Dairy Emps. Union Local 680*, 956 F. Supp. 1190, 1197 (D.N.J. 1997) (quotation omitted). Plaintiff does not actually contest any of this. Instead, Plaintiff asserts that this body of law has been overruled and, in any event, is not the governing body of law here. Dkt. 46 at 22-25. Both of Plaintiff's assertions are wrong.

First, Plaintiff asserts that these cases are "no longer good law" because they were "overruled" by the Supreme Court's recent decision in *Morgan*. Dkt. 46 at 23. Plaintiff grossly expands *Morgan* beyond its narrow and straightforward holding. In *Morgan*, the Court simply held that a finding of prejudice to the opposing party is not a factor in determining whether a party

waived its right to compel arbitration. *See* 142 S.Ct. at 1712-14. The Court based its holding on the fact that the FAA's policy favoring arbitration does not authorize federal courts "to create special arbitration-specific **procedural** rules" like waiver. *Id.* at 1714 (emphasis added). *Morgan* did not address, in any manner, a purported non-signatory's or non-assignee's ability to enforce an arbitration agreement, which is a **substantive** rule of arbitrability under federal law. *See Bores v. Mountain Valley Pipeline LLC*, 552 F. Supp. 3d 580, 585-86 (S.D. W. Va. 2021) ("[C]ourts should apply the **federal substantive law** of arbitrability incorporated into the FAA when determining whether a non-signatory is bound to an arbitration agreement" (emphasis added)).

Second, Plaintiff takes issue with the fact that this body of law is federal law, not New Jersey law. Dkt. 46 at 23-24.[5] However, the Arbitration Provision is governed by and enforceable under the FAA (Dkt. 35-2 § 25.g.), and the Loan Agreement is governed by federal law, and, to the extent that state law applies, New Jersey law (*id.* § 24). In any event, numerous New Jersey courts endorse and apply (including recently) the principles established in the body of federal law reflected in *Pritzker*. *See Raia v. CohnReznick LLP*, Docket No. BER-L-2262-18 Civil Action, 2019 N.J. Super. Unpub. LEXIS 2054, at *10 (N.J. Super. Law Div. Sept. 23, 2019), *aff'd*, 2020 N.J. Super. Unpub. LEXIS 1207 (N.J. Super. App. Div. June 22, 2020) (citing *e.g.*, *Pritzer*, 7 F.3d 1121) ("Under ordinary contract and agency principles, agents, employees, and representatives who are not signatories to their company's contracts are bound by those contracts, including any arbitration provisions contained therein."); *Rizzo v. Island Med. Mgmt. Holdings, LLC*, Docket No. A-0554-17T2, 2018 N.J. Super. Unpub. LEXIS 1225, at *12 (N.J. Super. App. Div. May 25, 2018)

---

[5] Plaintiff desperately (and incorrectly) claims that Marlette attempted to mislead the Court through an apparently incorrect Bluebook citation. Dkt. 46 at 24 n.18. There was nothing misleading about Marlette's citation, which was, as Plaintiff does not contest, to a published decision of the New Jersey Superior Court.

("This rule permitting employee non-signatories to invoke an arbitration agreement of their employer is supported not only by the decision of the New York Court of Appeals, but also by decisions of the Second Circuit Court of Appeals, the Third Circuit, *see Pritzker*, 7 F.3d at 1121-22, and the Appellate Division of this State" (other internal citations omitted)) (applying New York law); *Alfano v. BDO Seidman, LLP*, 925 A.2d 22, 28 (N.J. Super. App. Div. 2007) (citing, *e.g.*, *Pritzker*, 7 F.3d at 1122) ("Agency has been applied to bind nonsignatories to arbitration agreements."); *Singer v. Commodities Corp. (U.S.A.)*, 678 A.2d 1165, 1176 (N.J. Super. App. Div. 1996) (citing, *e.g.*, *Pritzker*, 7 F.3d 1121-22) ("Defendant's relationship with Hamilton was so close and so intertwined that any claim against defendant should appropriately be arbitrated under the agreement executed by plaintiff."); *Bleumer v. Parkway Ins. Co.*, 649 A.2d 913, 928-31 (N.J. Super. Law Div. 1994) (citing, *e.g.*, *Pritzker*, 7 F.3d 1121-22) (collecting cases where claims against non-signatories were required to be arbitrated).  Plaintiff's assertion is thus "strictly academic" (and meritless) because "[New Jersey] and controlling federal precedent render the same result."  *See Bores*, 552 F. Supp. 3d at 586.  In sum, long-standing substantive federal estoppel law is directly applicable to this case, and Plaintiff's attempt to avoid it fails.

### ii.    Plaintiff Cannot Avoid New Jersey Equitable Estoppel Principles.

Plaintiff's assertion that Marlette cannot enforce the Arbitration Provision under New Jersey's equitable estoppel principles fares no better. Dkt. 46 at 18-22.  Plaintiff claims that he has not put the Loan Agreement at issue in the FAC and that, in any event, doing so does not amount to detrimental reliance required to establish equitable estoppel. *Id.* at 19.  New Jersey law squarely rejects both of Plaintiff's arguments.

Plaintiff's entire theory in the FAC is that **Marlette** charged and collected unlawful interest **under his loan** (*i.e.*, the Loan Agreement), which was assigned to Marlette's "designee" (and principal)—MF Consumer Loan Trust. Dkt. 11 ¶¶ 22-24, 41; Dkt. 33 ¶¶ 50-51; Dkt. 47 ¶¶ 50-51.

Therefore, Plaintiff cannot credibly dispute that his loan is governed by the Loan Agreement.[6] Dkt. 33 ¶ 26; Dkt. 47 ¶ 26.  "Here, Plaintiff brings claims that arise out of [his] [Loan] Agreement, yet, to [Marlette's] detriment, seeks to avoid the Arbitration [Provision] [in] that [Loan] Agreement and force [Marlette] to defend against those claims in Court."  *See McLean v. HSBC Fin. Corp.*, Civil Action No. 15-8974 (SDW)(LDW), 2016 U.S. Dist. LEXIS 136817, at *7-*8 (D.N.J. Oct. 3, 2016) (holding that claims based on defendants' offering of trial period loan modification plans arose out of mortgage agreement containing arbitration provision governing Plaintiff's loan and amounted to detrimental reliance and equitable estoppel).  "Plaintiff's entire relationship with [Marlette] arises out of the [Loan] Agreement, as do . . . the basis for Plaintiff's claims "  *Id.* at *8. Plaintiff's claims "only exist by virtue of the loan . . . , which is governed by the [Loan] Agreement and Arbitration [Provision]."  *Id.*  "Notwithstanding Plaintiff's presentation of [the FAC] as a separate [statutory] action against a party who is not a signatory to [his] Arbitration [Provision], Plaintiff has placed the [Loan] Agreement, and thus, the [Arbitration Provision] 'squarely at issue' here."  *Id.* at *9 (quoting *Sicily*, 2015 U.S. Dist. LEXIS 65751, at *12).[7]

---

[6] Indeed, in his Response to Marlette's Concise Statement of Material Facts (but not in his Response to the Motion), Plaintiff admits—as he must—that he completed the online application steps that resulted in the creation of the Loan Agreement.  Dkt. 33 ¶¶ 16-25; Dkt. 47 ¶¶ 16-25. Indeed, Plaintiff admits that he was required to and did attest to reading the Loan Agreement made available to him via hyperlink on the webpage.  *Id.*  While Plaintiff takes issue with how the Loan Agreement was presented to him (Dkt. 47 ¶ 13), his argument has repeatedly been rejected under New Jersey law.  *See Beture v. Samsung Elecs.*, Civil Action No. 17-5757 (SRC), 2018 WL 4621586, at *5 (D.N.J. July 18, 2018); *Holdbrook Pediatric Dental, LLC v. Pro Computer Serv., LLC*, Civil No. 14-6115 (NLH/JS), 2015 WL 4476017, at *6 (D.N.J. July 21, 2015).

[7] Plaintiff cannot distance himself from the loan that underlies his claim in the FAC.  Dkt. 46 at 22 n.10.  Any alleged harm caused to Plaintiff occurred only when interest was collected.  Indeed, the FAC alleges that "[Marlette] routinely ***issues*** loans with interest and fees that aggregate in excess of 6 simple interest per year, and ***charges, collects, contracts for, and receives*** such interest and fees from Pennsylvania customers."  Dkt. 11 ¶ 41 (emphasis added).  Plaintiff cannot now, in the face of the Arbitration Provision contained within the "contracts" he relies on in the FAC (*id.*), claim that Marlette was merely an "architect and facilitator" disconnected from the loan (Dkt. 46 at 22 n.10).  Plaintiff cannot have it both ways.

- 10 -

Moreover, Plaintiff's attempts to distinguish *Salerno* are a red-herring.  Dkt. 46 at 21 at n.15.  In fact, Plaintiff completely ignores the point from *Salerno* upon which Marlette **actually relies**—"**[f]rom another angle**, a party cannot, with one hand, rely on a contract as the basis for its claims, and with another, repudiate the contract's arbitration clause."  *See* 542 F. Supp. 2d at 280 (emphasis added); Dkt. 34 at 19-20.  Plaintiff also attempts to distinguish *Sicily* by claiming that the plaintiff there affirmatively sought the benefits of a contract with an arbitration clause while disavowing it.  Dkt. 46 at 20.  However, the ultimate relief the plaintiff sought there was not relevant to the court's determination that the plaintiff put the contract at issue, as did Plaintiff here.  *See Sicily*, 2015 U.S. Dist. LEXIS 65751, at \*14 ("To allow [Plaintiff] to assert claims which embrace certain provisions of the [Loan] Agreement [*i.e.*, the interest terms here] but repudiate others would impose an unfairness against [Marlette] that the doctrine of equitable estoppel is precisely tailored to address.").

**B.     Plaintiff's Assertion That Non-Signatory Agents Cannot Enforce Arbitration Agreements Under New Jersey Agency Principles Is Untrue.**

Without citing any applicable New Jersey authority, Plaintiff asserts that agency principles only permit a non-signatory **principal** to enforce an arbitration agreement, not a non-signatory **agent**.  Dkt. 46 at 14-18.  Based on this false assertion, Plaintiff claims that, although it is indisputably an agent of assignees of the Loan Agreement (*i.e.*, MF Consumer Loan Trust and MF Trust 2015-A) (Dkt. 33 ¶¶ 50-51, 53-54), Marlette cannot enforce the Loan Agreement.  Dkt. 46 at 14-18.  Plaintiff's assertion ignores unequivocal New Jersey law and should be rejected.

"[N]onsignatories of a contract . . . may compel arbitration or be subject to arbitration **if the nonparty is an agent of a party** or a third party beneficiary to the contract."  *Victory Entm't, Inc. v. Schibell*, Docket No. A-3388-16T2, 2018 N.J. Super. Unpub. LEXIS 1467, at \*26 (N.J. Super. App. Div. June 21, 2018) (quoting *Garfinkel v. Morristown Obstetrics & Gynecology*

- 11 -

*Assocs.*, 755 A.2d 626, 636 (N.J. Super. App. Div. 2000), *rev'd on other grounds*, 773 A.2d 665 (N.J. 2001); *Mut. Benefit Life Ins. Co. v. Zimmerman*, 783 F. Supp. 853, 865-66 (D.N.J. 1992), *aff'd*, 970 F.2d 899 (3d Cir. 1992)) (emphasis added). "A contrary view would only subvert the policy of favoring arbitration and allow avoidance of an agreement to arbitrate merely by naming the principals of the corporation or non-signatory parties in a complaint." *Wasserstein v. Kovatch*, 618 A.2d 886, 891 (N.J. Super. App. Div. 1993), *cert. denied*, 627 A.2d 1145 (N.J. 1993) (requiring a homeowner, whose contract with the contractor contained an arbitration clause, to arbitrate its claims against the contractor's agents). *See also Najmee v. Brownstones at Essex Fells, LLC*, Docket No. A-3232-12T3, 2014 N.J. Super. Unpub. LEXIS 205, at *17-*20 (N.J. Super. App. Div. Feb. 3, 2014) (holding that non-signatory agents of principal who signed an agreement could enforce arbitration provision in response to plaintiff's claims against them).[8]

Ignoring this New Jersey law, Plaintiff resorts to mischaracterizing the Restatement (Third) of Agency. Dkt. 46 at 14-18. Restatement (Third) of Agency § 6.01 unremarkably and inapplicably provides that "[w]hen an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal, (1) the principal and the third party are parties to the contract; and (2) the agent is not a party to the contract unless the agent and third party agree otherwise." Plaintiff first purports to quote Comment e. as stating "[a]n agent's status does not confer a right on the agent to enforce a contract term for the agent's own benefit." Dkt. 46 at 15. This purported Comment e. is, in fact, the annotation of a case from Utah—*Fericks v. Lucy Ann*

---

[8] This controlling New Jersey law certainly is not an outlier either. *See, e.g.*, *Humphrey v. GlaxoSmith Kline PLC*, 263 A.3d 8, 17 (Pa. Super. 2021) (quoting *Provenzano v. Ohio Valley Gen. Hosp.*, 121 A.3d 1085, 1103 (Pa. Super. 2015)) ("One 'obvious and close nexus' between the non-signatories and the contract or the contracting parties arises from the relationship between the signatory principal and a non-signatory agent; if the principal is bound by an arbitration agreement, its agents, employees and representatives are generally likewise bound and can enforce the arbitration agreement, even as non-signatories to the agreement.").

*Soffe Trust*, 100 P.3d 1200, 1206 (Utah 2004)—holding that a real estate agent could not enforce an attorney-fee provision in a contract made on behalf of a seller against purchasers and, therefore, has no application here.  Plaintiff next purports to quote Comment d. as stating "[i]f an agent does not become a party to a contract and is not subject to liability on the contract . . . , the agent should not be able to assert rights . . . [under] the contract in the absence of indicia that the parties to the contract so intended." Dkt. 46 at 15.  Plaintiff misquotes this Comment, too.  Comment d. **actually** states "[i]f an agent does not become a party to a contact and is not subject to liability on the contract **as an individual**, the agent should not be able to assert rights **as an individual derived from** the contract in the absence of indicia that the parties to the contract so intended."  *See* Restatement (Third) Agency § 6.01 cmt. d. (emphasis added).  Plaintiff omitted pertinent language establishing that this purported Comment d. has no application here, thus his challenges to New Jersey agency principles are meritless.

> **C.     Marlette's Rights To Enforce The Arbitration Provision Survived The Loan Agreement's Assignment To UHG I LLC.**

Finally, Plaintiff asserts that Marlette cannot enforce the Arbitration Provision due to the status of MF Consumer Loan Trust and MF Trust 2015-A as assignees of the Loan Agreement because they have since assigned the Loan Agreement to UHG I LLC.  Dkt. 46 at 25-27.  Plaintiff, however, ignores the plain and unambiguous language of the Arbitration Provision, which expressly states that it survives transfers and changes in the relationship of the parties or assignees: "[e]ither party to this Agreement, or **any** subsequent assignee of this Agreement, may, at its sole election, require" arbitration.  *See* Dkt. 35-2 § 25.a.  Further, the Arbitration Provision states that it "shall survive (i) suspension, termination, revocation, closure, or amendments to this [Loan] Agreement and **the relationship of the parties and/or assignees**; (ii) the bankruptcy or insolvency

- 13 -

of any party or other person; and (iii) ***any transfer*** of any loan or this [Loan] Agreement to any other person or entity." *Id.* § 25.h. (emphasis added).

Courts routinely hold that, under survival language like that in the Arbitration Provision, assignors retain their rights to enforce arbitration agreements after assigning them to another party. *See, e.g.*, *Lovelace v. Showroom Auto, LLC*, 16 CV 4978 (ERK) (CLP), 2017 U.S. Dist. 154595, at \*19 (E.D.N.Y. Sept. 18, 2017), *report and recommendation adopted by*, 2017 U.S. Dist. LEXIS 170463 (E.D.N.Y. Oct. 10, 2017) ("Even though the Contract was assigned [by defendant assignor] to [third-party assignee] the same date it was signed, the Court finds that the arbitration provision survived such assignment [under language substantially similar to Section 25.h. of the Loan Agreement].   The Arbitration Agreement, therefore, is valid between [plaintiff] and [defendant assignor], as well as [plaintiff] and [third-party assignee]; any of the parties could seek to enforce it, as [defendant assignor] has in this case."); *Cain v. Citibank, N.A.*, Civil No. JFM-16-2930, 2016 U.S. Dist. LEXIS 159153, at \*1 (D. Md. Nov. 15, 2016) ("Defendant has filed a motion to compel arbitration and stay action.  The motion will be granted.  Defendant assigned to Midland Funding, LLC its rights under its credit card agreement with plaintiff after plaintiff defaulted on his payment obligations.  However, the arbitration provision in the contract between the parties provided that it 'shall survive [substantially similar events to those in Section 25.h. of the Loan Agreement]'. . . .   The language here could not be clearer, and it provides that the arbitration provision survives the termination or changes in the Agreement.").

Moreover, the Southern District of California very recently distinguished the principal case Plaintiff relies on to claim that Marlette's rights to enforce the Arbitration Provision have extinguished—*In re Wholesale Grocery Prods. Antitrust Litig.*, 850 F.3d 344, 349-51 (8th Cir. 2017)—expressly noting that this case did "not discuss a clause regarding survival and

- 14 -

severability." *See In re Midland Credit Mgmt.*, Case No. 11md2286-MMA (MDD), 2019 U.S. Dist. LEXIS 65827, at *10 (S.D. Cal. Apr. 17, 2019). In sum, Marlette's rights to enforce the Arbitration Provision are alive and properly exercised here.

## CONCLUSION

The Court should grant the Motion, order the parties to proceed to arbitrate this matter on an individual basis in the manner to which Plaintiff agreed in the Loan Agreement, and dismiss this case in its entirety with prejudice.

Dated: July 29, 2022                                        **REED SMITH LLP**


                                                            */s/ Justin J. Kontul*
                                                            Justin J. Kontul
                                                            Pa. I.D. No. 206026
                                                            Alex G. Mahfood
                                                            Pa. I.D. No. 324047
                                                            225 Fifth Avenue, Suite 1200
                                                            Pittsburgh, PA 15222
                                                            T: (412) 288-3131
                                                            F: (412) 288-3063
                                                            jkontul@reedsmith.com
                                                            amahfood@reedsmith.com

                                                            *Counsel for Defendant*
                                                            *Marlette Funding, LLC*
                                                            *d/b/a Best Egg*

## CERTIFICATE OF SERVICE

I certify that on July 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Justin J. Kontul*