**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>MARLETTE FUNDING, LLC d/b/a BEST EGG,<br><br>            Defendant. | Civil Action No. 2:21-cv-00985-RJC |

**DEFENDANT MARLETTE FUNDING, LLC d/b/a BEST EGG'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Marlette Funding, LLC d/b/a Best Egg's ("Marlette") notifies the Court that on September 1, 2022, after briefing on Marlette's Third Motion to Compel Individual Arbitration ("Motion") had closed, *see* Dkts. 32-39, 46-48, the United States Court of Appeals for the Third Circuit issued its precedential Opinion in *Zirpoli v. Midland Funding, LLC*, No. 21-2438 (3d Cir. Sept. 1, 2022), attached as **Exhibit 1**.  In *Zirpoli*, the Third Circuit specifically held that if parties to a loan agreement "clearly and unmistakably intended to delegate the issue of enforceability of the contract (or any other issue) to an arbitrator, the challenge to the enforceability of the arbitration agreement must be decided by the arbitrator, not by a court."  *Id.* at *13.  The Third Circuit reasoned that to conclude otherwise "could deny effect to a delegation clause in a contract that the court later finds to be perfectly enforceable.  This type of judicial interference is exactly what Congress sought to prevent in enacting the [Federal Arbitration Act]."  *Id.*

As was the case in *Zirpoli*, "a plain reading of the text of the" Loan Agreement's Arbitration Provision shows that the parties "clearly and unmistakably expressed an agreement to arbitrate the issue of arbitrability[,]" including, under *Zirpoli*, Plaintiff Ronald Henry's challenges

- 2 -

to Marlette's ability to enforce the Loan Agreement. *See id.* at \*14. The Arbitration Provision states that a party may require that the sole and exclusive remedy for resolution of a "Claim" be final and binding arbitration, where "Claim" is defined to include "any past, present, or future claim, dispute, or controversy" relating to "***the validity or enforceability of this Arbitration Provision, any part thereof, or the entire Agreement.***" *See* Dkt. 35-2 § 25.a. (emphasis added). Clearly, "the [A]rbitration [Provision] provides that an arbitrator shall resolve the arbitrability of defenses to enforcement." *See Zirpoli*, at \*14.

In sum, *Zirpoli* adds to the extensive list of reasons why the Court should grant the Motion.

Dated: September 16, 2022

**REED SMITH LLP**

*/s/ Justin J. Kontul*
Justin J. Kontul
Pa. I.D. No. 206026
Alex G. Mahfood
Pa. I.D. No. 324047
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
T: (412) 288-3131
F: (412) 288-3063
jkontul@reedsmith.com
amahfood@reedsmith.com

*Counsel for Defendant*
*Marlette Funding, LLC d/b/a Best Egg*

## **CERTIFICATE OF SERVICE**

I certify that on September 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Justin J. Kontul*