**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

RONALD HENRY, individually and
on behalf of all others similarly situated,

        Plaintiff,

    v.

MARLETTE FUNDING, LLC d/b/a
BEST EGG,

        Defendant.

Case No. 2:21-cv-00985

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Henry respectfully submits *Chilutti v. Uber Techs., Inc.*, 2022 Pa. Super. LEXIS 419 (Pa. Super. Ct. Oct. 12, 2022) as supplemental authority.

*Chilutti* involved two plaintiffs that allegedly assented to arbitration by clicking buttons on websites. *Id.* at *23-29. Close to those buttons were blue hyperlinks to a "Terms of Use" contract and a "Terms & Conditions" contract, both of which contained arbitration clauses. *Id.* The websites stated that, by clicking those buttons, the plaintiffs agreed to be bound by the "Terms of Use" and "Terms & Conditions" contracts. *Id.*

The Superior Court held that the websites were insufficient to give the plaintiffs' notice to create an agreement to arbitrate. *Id.* at *36-40. Specifically, the Court held that the websites would have been sufficient only if:

> (1) they explicitly stat[ed] on the registration websites and application screens that a consumer is waiving a right to a jury trial when they agree to the company's "terms and conditions," and the registration process cannot be completed until the consumer is fully informed of that waiver; and (2) when the agreements are available for viewing after a user has clicked on the hyperlink, the waiver should not be hidden in the "terms and conditions" provision but should appear at the top of the first page in bold, capitalized text.

*Id.* at *38.

*Chilutti* is dispositive here. Like the defendant in *Chilutti*, Marlette claims Henry agreed to arbitration by visiting its website and clicking on an "Accept and submit" button. (Doc. 47 ¶ 13 (citing Doc. 33 ¶¶ 13-25).) Before clicking this button, Marlette's webpage required Henry to check a box stating that Henry agreed to the Loan Agreement. (Doc. 35-3, ECF p. 13.) But identical to *Chilutti*, this webpage does not state that Henry was waiving his right to a jury trial. (*Id.*) Moreover, and again identical to *Chilutti*, the Loan Agreement itself does not include a bold, capitalized disclosure on its first page stating that it contains a jury trial waiver. (Doc. 35-2, ECF p. 2.) Finally, and again identical to *Chilutti*, Marlette does not claim Henry clicked on the hyperlink that contained the arbitration clause; instead, Marlette's evidence shows Henry briefly visited the webpage that contained the hyperlink, and then moved on. (Doc. 47 ¶ 13 (citing Doc. 33 ¶¶ 13-25).) Marlette's webpage, and the Loan Agreement itself, did not provide Henry the notice required to bind him to arbitration. Accordingly, no agreement to arbitrate was ever formed and Marlette cannot compel Henry to arbitrate his claims.

Respectfully submitted,

Dated: October 14, 2022

/s/ *Kevin Abramowicz*
Kevin Abramowicz
Kevin Tucker
Chandler Steiger
Stephanie Moore
**East End Trial Group LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 223-5740
Fax: (412) 626-7101
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2022, a true and correct copy of this Notice was served

upon the following counsel of record electronically via the Court's CM/ECF system:

Justin J. Kontul
Alex G. Mahfood
**Reed Smith LLP**
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
jkontul@reedsmith.com
amahfood@reedsmith.com

/s/ Kevin Abramowicz
Kevin Abramowicz