**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD HENRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARLETTE FUNDING, LLC d/b/a BEST EGG,<br><br>Defendant. | Civil Action No. 2:21-cv-00985-RJC |

**DEFENDANT MARLETTE FUNDING, LLC d/b/a BEST EGG'S
RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

*Chilutti v. Uber Techs., Inc.*, 2022 Pa. Super. LEXIS 419 (Pa. Super. Oct. 12, 2022), which

Plaintiff Ronald Henry ("Plaintiff") submitted as supplemental authority (ECF No. 50), is

immaterial to Defendant Marlette Funding, LLC d/b/a Best Egg's ("Marlette") Third Motion to

Compel Arbitration (ECF Nos. 32-39, 48-49) (the "Motion") for numerous reasons.

***First***, in determining whether a valid agreement to arbitrate exists, federal courts apply

"ordinary state-law principles that govern the formation of contracts."[1]  *See Century Indem. Co. v.*

*Certain Underwriters at Lloyd's*, 584 F.3d 513, 524 (3d Cir. 2009).  To the extent not governed

by federal law, ***New Jersey law*** governs the Loan Agreement.  *See* Loan Agreement § 24.  *Chilutti*

concerns ***Pennsylvania law***, not New Jersey law.  Accordingly, *Chilutti* has no application to this

case, and Plaintiff's assertion that "*Chilutti* is dispositive here[]" is false.  ECF No. 50 at 2.  Indeed,

under governing New Jersey law, agreements are valid and enforceable if visible via hyperlink and

accompanied with a requirement to click a checkbox or other button to assent to the terms in the

---

[1] In this case, this determination should be made by the arbitrator, not the Court, based on the delegation clause in the Loan Agreement.  Dkt. 34 at 12-13; Dkt. 48 at 8-12.

hyperlinked terms, as Plaintiff did here.  *See, e.g.*, *Beture v. Samsung Elecs.*, Civil Action No. 17-5757 (SRC), 2018 WL 4621586, at *5 (D.N.J. July 18, 2018).[2]

**Second**, unlike *Chilutti*, Plaintiff clicked a checkbox during the online application in which he expressly acknowledged that **he actually read** the hyperlinked Loan Agreement containing the Arbitration Provision and intended to affix his electronic signature on the Loan Agreement. Plaintiff is therefore wrong in asserting that the checkbox merely stated that he "**agreed to** the Loan Agreement."  ECF No. 50 at 2 (emphasis added).

**Third**, Plaintiff did not dispute in his Opposition to the Motion that he entered into the Loan Agreement.  ECF No. 46.  Rather, he perfunctorily "dispute[d] that he agreed to arbitrate his claims by obtaining a loan" in his Response to Marlette's **CSMF**.  ECF No. 47 ¶ 13.

Dated: October 17, 2022

**REED SMITH LLP**

*/s/ Justin J. Kontul*
Justin J. Kontul
Pa. I.D. No. 206026
Alex G. Mahfood
Pa. I.D. No. 324047
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
T: (412) 288-3131
F: (412) 288-3063
jkontul@reedsmith.com
amahfood@reedsmith.com

*Counsel for Defendant*
*Marlette Funding, LLC d/b/a Best Egg*

---

[2] Similarly, *Chilutti*, **a personal injury action**, created a new test for proving a party's unambiguous manifestation of assent to arbitration based on the constitutional right to a jury trial afforded under **Pennsylvania law**.  *See, e.g.*, 2022 Pa. Super LEXIS 419, at *2, *15-*20, *38.  But **federal law**, not state law, governs the right to a jury trial in federal court, regardless of whether the claim arises under state law and even in diversity-of-citizenship cases.  *See Simler v. Conner*, 372 U.S. 221, 222 (1963); *Marra v. Philadelphia Hous. Auth.*, 497 F.3d 286, 313 (3d Cir. 2007).

## **CERTIFICATE OF SERVICE**

I certify that on October 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Justin J. Kontul*